UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

<u>NOT FOR PUBLICATION</u>

```
-------------------------------------------------X
                                                 :   Civil Action 06-1278 (HAA) (ES)
FORD MOTOR COMPANY, ET AL.                       :
                                                 :
        Plaintiffs/Counterclaim                  :
        Defendants,                              :
                                                 :
                                                 :   OPINION
   v.                                            :   ON MOTION FOR RECONSIDERATION
                                                 :
                                                 :   August 11, 2009
                                                 :
EDGEWOOD PROPERTIES, INC.                        :
                                                 :
                                                 :
        Defendant/Counterclaimant.               :
-------------------------------------------------X
```

<u>SALAS, UNITED STATES MAGISTRATE JUDGE</u>:

## I. INTRODUCTION

Edgewood has filed a motion for reconsideration of this Court's January 20, 2009 Opinion and Order granting in part and denying in part their motion for leave to file an amended complaint. *Ford Motor Co. v. Edgewood Properties, Inc.*, No. 06-1278, 2009 WL 150951 (D.N.J. Jan. 20, 2009). Edgewood contends that this Court should reconsider its decision to deny the motion to amend on Edgewood's claims against Ford, MIG/Alberici ("MA"), and EQ under the New Jersey Spill Compensation and Control Act ("Spill Act"), N.J.S.A. §§ 58:10-23.11, *et seq*. Moreover, Edgewood also seeks reconsideration of this Court's holding that Edgewood's amendment as against Ford and EQ of a factual predicate under New Jersey's RICO statute

-1-

("NJRICO") – N.J.S.A. § 2C:21-16, securing the execution documents by deception – was futile.

For the reasons set forth below, the Court will deny the motion as to the Spill Act claim, but grant it as to the NJRICO predicate.

## II. BACKGROUND

This case has generated its own swath of law concerning the environmental recovery statutes, and accordingly, the Court need not recapitulate the factual background at length. *See Ford Motor Co. v. Edgewood Properties, Inc.*, No. 06-1278, 2007 WL 4526594 (D.N.J. Dec. 18, 2007) (Ackerman, J.); 2008 WL 4559770 (D.N.J. Oct. 8, 2008) (Ackerman, J.); 2009 WL 150951 (D.N.J. Jan. 20, 2009) (Salas, J.); *see also* 257 F.R.D. 418 (D.N.J. 2009) (Salas, J.).

Suffice it is to say that this case arises out of the demolition of a Ford assembly plant in Edison, New Jersey, and the distribution of concrete therefrom. Ford and Edgewood entered into a contract whereby Ford agreed to provide 50,000 cubic yards of concrete to Edgewood in exchange for Edgewood hauling it off the site. The concrete turned out to be contaminated, and so began this litigation, with Ford bringing the instant action against Edgewood asserting claims under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq*. ("CERCLA") and Section 58:10-23, 11f (a)(2) of the New Jersey Spill Act for contribution and indemnification for all costs as provided under the contract. Edgewood, in turn, counterclaimed against Ford, asserting breach of warranty, common law fraud, unjust enrichment, violation of the New Jersey Consumer Fraud Act, contractual indemnification and violations of the Spill Act.

Edgewood has also brought claims against MIG/Alberici ("MA") and EQ Northeast, Inc. MA was a Ford contractor tasked with demolishing the plant and reusing the concrete for on-site

fill.  EQ was also a Ford contractor during the deconstruction.  Edgewood wound up contracting with EQ.  EQ was to test the concrete and in turn, Edgewood was to crush it and remove it to residential areas primarily located in southern New Jersey.

Edgewood sought to file an amended complaint, a motion which this Court granted in part and denied in part.  This Court denied Edgewood leave to file an amended complaint under the Spill Act as against Ford, MA, and EQ.  The Court reasoned that adding a Spill Act claim against these parties would be futile such that Edgewood could not withstand a motion to dismiss the claim.  This Court also held that Edgewood could not adequately plead a predicate act under NJRICO: securing the execution of documents by deception.  N.J.S.A. § 2C:21-16.  Edgewood seeks reconsideration of these two rulings, and each will be discussed in turn.

### III.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." *See S.C. v. Deptford Township Bd. of Ed.*, 248 F. Supp. 2d 368, 380 (D.N.J. 2003).  Instead, such motions are treated as motions to alter or amend the judgment, under Rule 59(e), or as motions for relief from judgment or order, under Rule 60(b). *Id.*  In the District of New Jersey, a motion for reconsideration is governed by Local Civil Rule 7.1(g). *Id.* A motion for reconsideration may be made for one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Database Am., Inc. v. Bellsouth Advertising & Publishing Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993).

Accordingly, "the motion may address only 'dispositive factual matters or

controlling decisions of law' that were presented to, but not considered by, the court in the course of making the decision at issue." *Yurecko v. Port Authority Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (citing *Resorts Int'l., Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

Importantly, purported errors of law claimed by the parties are, by themselves, insufficient to sustain such a motion such that the court should alter its judgment. *Oritani Sav. & Loan Ass'n v. Fidelity Deposit Co. Of Md.*, 744 F. Supp. 1311 (D.N.J. 1990) (Ackerman, J.) ("[a] motion for reconsideration is improper when it is used to ask the Court to rethink what is had already thought through – rightly or wrongly") (internal quotation marks and citation omitted).

## IV.  DISCUSSION

*A.     The Spill Act*

There is no reason to disturb this Court's holding denying the motion to amend under the Spill Act.

As to Ford, the Court based its holding on N.J.S.A. § 58:10-23.11f(a)(2)(b) which states that:

> A person who has discharged a hazardous substance or is in any way responsible for the discharge of a hazardous substance who has resolved his liability to the State for cleanup and removal costs, including the payment of compensation for damage to, or the loss of, natural resources, or for the restoration of natural resources, and (I) has received a no further action letter from the State, or (ii) <u>has entered into an administrative or judicially approved settlement with the State, shall not be liable for claims for contribution regarding matters addressed in the settlement or the no further action letter, as the case may be.</u> The settlement shall not release any other person from liability for cleanup and removal costs who is not a party to the settlement, but shall reduce the potential liability of any other discharger or person in any way responsible

> for a discharged hazardous substance at the site that is the subject of the no further action letter or the settlement by the amount of the no further action letter or the settlement.

(emphasis added). Based on the plain text of the statute, settling parties with NJDEP are not liable for contribution claims under the Act. Edgewood presses the argument, however, that because Judge Ackerman in his October 8, 2008 opinion found that the ACO between Ford and NJDEP was not final, Ford can still be on the hook for a Spill Act claim. The court finds that this argument is moot, as the ACO between Ford and NJDEP is now unequivocally final. *See* ACO at Dkt. 231 Ex. 3. The ACO was issued on February 10, 2009. It specifically provides that Ford is protected from contribution claims under the Spill Act. ACO ¶ 44. This is, indeed, precisely what the statute contemplates and the ACO need not have even recited it to make it so. Ford has statutory protection under the express terms of N.J.S.A. § 58:10-23.11f(a)(2)(b).

As to MA and EQ, the court will not disturb its ruling, either. The Court is primarily guided by Judge Ackerman's January 10, 2007 opinion [Dkt. 71]. There, Judge Ackerman considered whether or not the Spill Act permitted Edgewood to seek contribution from a third-party defendant. He held in the negative. Canvassing the caselaw, Judge Ackerman, held that "the Spill Act does not contemplate liability against Edgewood beyond Edgewood's own fair share." Because contribution liability is allocated on a several basis (as opposed to joint and several), Edgewood cannot be found liable for more than its fair share. Judge Ackerman relied primarily on (now Chief) Judge Brown's decision in *SC Holdings v. A.A.A. Realty Co.*, No. 95-0947, 1996 U.S. Dist. LEXIS 12428 (D.N.J. Aug. 19, 1996). There, Judge Brown specifically held that the Spill Act cannot be read to allow parties to maintain cost recovery actions against third parties. Judge Ackerman found that reasoning persuasive and so does this Court; indeed,

there is no reason to disturb this Court's holding on that point especially in light of the fact that it would be usurping the district court in a matter already decided in the very same case. Edgewood's proposed amendment against MA and EQ does not change the calculus.

Even more to the point, perhaps, is Judge Debevoise's opinion in *Reichold, Inc. v. U.S. Metals Refining Co.*, No. 03-453, 2004 WL 3312831 (D.N.J. Oct. 27. 2004) where His Honor held that "[b]ecause the rights of contribution in this case are analagous under CERCLA and the Spill Act and because [the third-party plaintiff] will not be liable for an amount in excess of its pro rata share of harm . . . it cannot seek contribution from Third-Party Defendants under the Spill Act." *Id.* at *7. The same analysis obtains here.

For those reasons, the motion for reconsideration on this point is denied.

**B.    *NJRICO Predicate Act:* N.J.S.A. § 2C:21-16**

Subsequent to this Court's opinion denying the motion to amend as against Ford and EQ on this count, Judge Ackerman issued his ruling in a related (now consolidated) case, *Ford v. J&L Management*, No. 08-774 (HAA) (ES) (D.N.J.) Dkt. 46 and held that Edgewood there adequately pleaded this predicate act of securing execution of documents by deception. The Court finds that this intervening change of the law in the same case counsels strongly in favor of granting the motion for reconsideration here. It would be inequitable and incongruous to allow this claim to go forward against some defendants, but not others, when the claims have the same factual predicate: that EQ and Ford fraudulently induced Edgewood into entering into a contract. As the merits of these claims will ultimately be before the District Court, the efficacy of permitting the amendment with respect to Ford and EQ can hardly be denied. Accordingly, the motion for reconsideration on this point is granted.

## V. Conclusion

For the foregoing reasons, Edgewood's motion for reconsideration is granted in part, and denied in part.

s/Esther Salas
**HON. ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**
