<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF NEW JERSEY</u>

<u>NOT FOR PUBLICATION</u>

-----------------------------------------------------X
:          Civil Action 06-1278 (GEB) (ES)
FORD MOTOR COMPANY, et al.,             :
:
            Plaintiffs/Counterclaim     :
            Defendants.                 :
:
:                          <u>OPINION</u>
        v.                              :
:                         **July 28, 2010**
:
EDGEWOOD PROPERTIES, INC.,              :
:
:
            Defendant/Counterclaimant. :
-----------------------------------------------------X

<u>SALAS, United States Magistrate Judge:</u>

## I.   Introduction

On June 7, 2010, at the request of this Court, the parties submitted letters related to a

dispute about the presence of Edgewood Properties, Inc. and related entities' ("Edgewood's")

Chief Executive Officer, Jack Morris, and in-house counsel, John Verlaque, at depositions other

than their own.  The Court requested the submission of letters on this issue because it was raised

as part of a status conference held on June 3, 2010.  Golder Associates, Inc. ("Golder") requests

that the Court limit each party "to having one employee or officer present at each deposition."

(*See* letter dated June 7, 2010 from John P. Lacey on behalf of Golder ("Golder Letter") at 2.)

Ford Motor Company and Ford Motor Land Development Corporation (collectively "Ford") and EQ Northeast, Inc. join the Golder Letter.  (*See* letter dated June 7, 2010 from Stephanie Feingold on behalf of Ford and EQ Northeast, Inc. ("Ford Letter") at 2.)  Edgewood opposes the request by Golder, Ford, and EQ Northeast, Inc. (collectively "Movants").  (*See generally* letter dated June 7, 2010 from Kevin P. Roddy on behalf of Edgewood ("Edgewood Letter").)

For the reasons set forth below, this Court denies the request to order Edgewood to choose to have either Mr. Morris or Mr. Verlaque - both not both - attend depositions.  The Court holds that Movants have not demonstrated that good cause exists for the Court to issue a protective order under Fed. R. Civ. P. 26(c)(1)(E).

## II.   BACKGROUND

The factual background underlying this litigation is well known to all the parties, is set forth in various opinions of this Court and Judge Ackerman, and need not be repeated here.  *See Ford Motor Co. v. Edgewood Properties, Inc.*, No. 06-1278, 2007 WL 4526594 (D.N.J. Dec. 18, 2007) (Ackerman, J.); 2008 WL 4559770 (D.N.J. Oct. 8, 2008) (Ackerman, J.); 2009 WL 150951 (D.N.J. Jan. 20, 2009) (Salas, J.).

Turning to the matter at hand, Golder does not here seek to prevent Edgewood from having one corporate representative of its choice - including Mr. Morris *or* Mr. Verlaque - present at depositions.  Instead, Golder asks that the Court limit Edgewood to one representative instead of two.  (Golder Letter at 1.)  Although Golder asserts that it is not seeking to exclude a particular witness from attending depositions, it then proceeds to argue that the Court has the power to grant such a protective order**.**  Golder asserts that the potential for collusion among witnesses here, as well as the potential intimidation to witnesses from having their boss present

2

at their depositions, require the relief sought.  The importance of accurate testimony, uninfluenced by other witnesses, requires the remedy sought according to Golder.  (*See* Golder Letter at 2.)

Edgewood's Letter, on the other hand, argues that the parties requesting relief here need to and fail to show that good cause exists under Fed. R. Civ. P. 26(c)(1)(E) to limit the presence of either Mr. Morris or Mr. Verlaque at depositions.  Edgewood asserts that no showing has been made that witnesses were intimidated by the presence of Edgewood's representatives at their depositions and the allegations are instead pure speculation.  Edgewood also states that Mr. Verlaque is part of the litigation team in this matter rather than a corporate representative.  (*See generally* Edgewood letter.)

### III.   ANALYSIS

Under Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (E) designating the persons who may be present while the discovery is conducted." The burden is placed on the party requesting the protective order to show why it is required, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (citations omitted); *see Nyazie v. Kennedy*, No. Civ. 97-0120, 1998 WL 398250 at *2 (E.D.Pa. June 23, 1998).  The Movants here have not made a sufficient showing of good cause.

Courts have rejected requests for sequestration based on broad allegations that if witnesses attend the depositions of other witnesses, they will conform their testimony.  *See*

3

*Nyazie*, 1998 WL 298250 at *2 (collecting cases).  The only evidence of collusion that the Movants cite to here is that Mr. Verlaque testified at his deposition, in response to a question regarding why Mike Powell provided testing data to Frank Sellinger, "When I was at Frank Sellinger's deposition, Frank testified he called Mike Powell to find out, to get sample results." (Golder Letter at 2.)  This one statement is insufficient to justify a protective order.  Mr. Verlaque did not attempt to change his story to conform with that of another witness but instead responded truthfully to the question.  Other questions could have elicited information regarding what Mr. Verlaque knew prior to Mr. Sellinger's deposition.  Movants here present no more than facts present in most civil litigation which do not justify the extraordinary remedy of excluding a party from depositions.  *See Nyazie*, 1998 WL 298250 at *2.

In addition, conclusory allegations that witnesses will be influenced by the presence of their supervisor at depositions are insufficient to demonstrate good cause under Fed. R. Civ. P. 26(c)(1)(E).  *See Terra Int'l*, 134 F.3d at 306-307.  "To conclude otherwise would indicate that good cause exists for granting a protective order any time fact witnesses in a case . . . are employed by a party in the case."  *Id*. (citations omitted).  The Golder Letter asserts that Mr. Morris intimidated the witness at Mr. Sellinger's deposition by sitting "almost directly within Mr. Sellinger's line of sight" (Golder Letter at 2), and Ford states that Mr. Morris was agitated at the deposition of his wife and business partner, Sheryl Weingarten Morris, which resulted in her curtailing her answers (Ford letter at 1).  The fact that a witness could see Mr. Morris while testifying and *may* have felt intimidated is not sufficient to exclude Mr. Morris from future depositions.  Nor does Ford present the Court with evidence, as opposed to speculation, that Mrs. Morris curtailed her answers due to Mr. Morris' alleged agitation at her deposition.  The Movants

4

simply have not met their burden here, and Edgewood may continue to have both Mr. Morris, a corporate representative, and Mr. Verlaque, in-house counsel and part of the litigation team, present at depositions.

## IV.  CONCLUSION

For the foregoing reasons, the request for a protective order is denied.  A separate order shall issue.

s/Esther Salas
**Hon. Esther Salas, U.S.M.J.**

5