UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

---------------------------------------------------------X
:
FORD MOTOR COMPANY, ET AL.    :
:
       Plaintiffs/Counterclaim   :
       Defendants,   :
:
:
v.    :
:
:
EDGEWOOD PROPERTIES, INC.    :
:
:
       Defendant/Counterclaimant. :
---------------------------------------------------------X

Civil Action 06-1278 (GEB) (ES)

OPINION

November 10, 2010

SALAS, UNITED STATES MAGISTRATE JUDGE:

## I. BACKGROUND AND PROCEDURAL HISTORY

Pending before this Court is Defendant-Counterclaimant Edgewood Properties, Inc., non-parties Jack Morris, Sheryl Weingarten and John Verlaque (the "Non-Parties") and its affiliated entities'[1] (collectively "Edgewood") August 5, 2010 motion to quash the subpoena served upon

---

[1] Edgewood defines the affiliated entities as Columbia Group, JSM at Applegarth, LLC, JSM at Brick, LLC, JSM at Route 70, LLC, Fulton Square Urban Renewal, LLC, JSM at Fulton Street, LLC, JSM at Fulton Square, LLC, JSM at Fulton, LLC, JSM at Martin Boulevard, LLC, JSM at Tingley, LLC, WWM Properties, LLC, Beechwood at Edison, LLC, EP Equipment, LLC, JSM at Jersey Avenue, LLC, JSM at 401 Jersey Avenue, LLC, JSM at New Durham Road, LLC, JSM at West End Avenue, LLC, JSM at Woodlands, LLC, JSM at Matawan, LLC, JSM at Monmouth Road, LLC, JSM at Monmouth Road II, LLC, JSM at Stelton, LLC, JSM at Falcon, LLC and/or JSM at Poole Avenue, LLC (collectively the "Affiliated Entities").

Amboy Bank f/k/a/ Amboy National Bank (Docket Entry No. 354, "Motion to Quash") by Plaintiff-Counterclaim Defendant Ford Motor Company ("Ford").

This case arises out of the demolition of a Ford assembly plant in Edison, New Jersey, and the distribution of contaminated concrete therefrom. Ford and Edgewood entered into a contract whereby Ford agreed to provide 50,000 cubic yards of concrete to Edgewood in exchange for Edgewood hauling it off the site. Thereafter, Edgewood brought the concrete to seven properties it was developing (the "Seven Properties"). *See* Memorandum of Law in Support of Motion to Quash Subpoena Issued to Amboy Bank f/k/a Amboy National Bank and For a Protective Order ("Edgewood Brief") at 1. The parties later determined that the concrete was contaminated. As such, Ford brought claims against Edgewood under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq*. and Section 58:10-23, 11f(a)(2) of the New Jersey Spill Act ("Spill Act" or "Act") for contribution and indemnification for all costs as provided under the contract. Edgewood, in turn, has asserted cross-claims, counter-claims and a third-party complaint against Ford and other parties, which include claims for breach of contract, contribution, negligent misrepresentation, and civil conspiracy.

In the instant dispute, Edgewood seeks for the Court to quash the July 14, 2010 subpoena Ford served upon Amboy Bank f/k/a Amboy National Bank ("Amboy") pursuant to Federal Rule of Civil Procedure 45 seeking "[a]ny and all documents ... containing, reflecting, referring or relating in any way to loans, mortgages or other financial agreements between and among Amboy and Edgewood Properties or any of its affiliated companies ... between 1992 and the present." Ford requested that Amboy produce "all documents and correspondence submitted to or prepared by or on behalf of Amboy in connection with such loans, mortgages and financial agreements, including,

but not limited to, any loan applications and all supporting materials, guarantees, financial information, pro formas, environmental reports, environmental due diligence services, appraisals and property approvals." Certification of Chad Simon dated August 5, 2010 ("Simon Cert."), Exhibit A ("Ford Subpoena"). Edgewood argues that the Ford Subpoena is overly broad, seeks irrelevant information and threatens to disclose confidential business information and trade secrets. Ford opposes the Motion to Quash arguing that the information is relevant and any concern about confidentiality can be addressed through a protective order or confidentiality agreement.

The Court has reviewed Edgewood and Ford's submissions and considered the arguments contained therein. As detailed below, the Court grants the Motion to Quash in part and denies in part.

## II.   ANALYSIS

Federal Rule of Civil Procedure 45(c)(3)(iii) permits a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies ...." Fed. R. Civ. P. 26(c) permits a court to issue a protective order for "good cause" to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense ...." Here, Edgewood seeks for this Court to quash the Ford Subpoena arguing (1) it is overly broad and seeks irrelevant information and (2) it will result in the improper production of confidential information.

### A.   Relevance

In evaluating the permissible scope of the Ford Subpoena, the Court will analyze the relevance of the requested information pursuant to Fed. R. Civ. P. 26(b)(1). *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007) ("A Rule 45 subpoena

served in conjunction with discovery must fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1)") . Therefore, the Court will consider whether the Ford Subpoena seeks relevant information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...."). The Court may limit the frequency or extent of discovery if it is (i) unreasonably cumulative or duplicative; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit ...." Fed. R. Civ. P. 26(b)(2)(c).

In essence, the Ford Subpoena seeks to compel most, if not all, of Amboy's documents dating as far back as 1992, without regard to the subject matter of those documents, i.e. the Edgewood property to which the documents relate. In light of this, the Court finds that the Ford Subpoena is overly broad. Instead, the Court will narrow the terms of the Ford Subpoena to require Amboy to produce all documents that are related to the Seven Properties. Notably, Edgewood concedes that documents relating to the Edgewood's damages and the environmental conditions of the Seven Properties are relevant. *See* Edgewood Brief at 2, 7. Ford, however, has failed to set forth the relevance of documents that are not related to the Seven Properties.

Ford seeks documents related to "loans, mortgages or other financial agreements between and among Amboy and Edgewood Properties or any of its affiliated companies... between 1992 and the present." Ford claims that this information is relevant to Edgewood's damages demands and as proof of Edgewood's environmental expertise. Ford Motor Company's Memorandum of Law in Opposition to Motion to Quash the Subpoena Issued to Amboy Bank f/k/a Amboy National Bank and For a Protective Order ("Ford Brief") at 1. Specifically, Ford argues that because Edgewood has

4

been unable to adequately substantiate its damages demands, the Court should permit Ford to ascertain the damages information through third parties. Ford also argues that the Ford Subpoena will "shed light on Edgewood's sophistication and regard to development (and financing) of *any* property at *any* time." *Id.* at 4 (emphasis in original).

As to damages, the Court agrees that Ford is entitled to discovery from Edgewood and third parties that supports Edgewood's damages demands. Discovery requests cannot be limitless, however, and Ford has not demonstrated how Amboy's documents that are unrelated to the Seven Properties are relevant to Edgewood's damages. In support, Ford argues that, based on documents from another third-party bank, Ford discovered that Edgewood allegedly seeks to recover interest payments as damages on a loan Edgewood took out on one of the Seven Properties. Ford contends that this loan is unrelated to Edgewood's damages in this litigation. Ford Brief at 10-11. Thus, Ford argues that Amboy may have similar documents which are relevant to Ford's causation defenses. Ford does not articulate, however, why the documents in Amboy's files related to the Seven Properties would not contain adequate information to ascertain the financing history of the Seven Properties. As such, the relevance of the request is tenuous at best. Nonetheless, should Ford discover a specific loan relevant to Ford's causation defenses that merits further discovery, Ford may make specific inquiries of Edgewood at that time.

Ford also argues that documents related to properties other than the Seven Properties are relevant because the documents contain information relating to the environmental condition of other Edgewood properties. Ford Brief at 10 -11. Ford contends this information is relevant to Edgewood's claimed remediation costs because Edgewood allegedly used materials from the other properties at the Seven Properties. Ford, however, has not specified which properties the materials

came from and what documents may be in Amboy's possession that are relevant to this possible defense. Instead, the Ford Subpoena contains broad language designed to capture documents which, at this stage, Ford has not demonstrated are relevant. As such, the Ford Subpoena is overly broad and Amboy need only produce documents related to the Seven Properties.

The Court is also not convinced that the Ford Subpoena is the correct avenue for Ford to ascertain Edgewood's sophistication as a developer or the environmental conditions of the other properties. Nor is the Court assured that such information could be gleaned from Amboy's files related to other properties any more so than the documents relating to the Seven Properties. Ford has failed to offer any justifiable reasons for the overwhelming breadth of the request, i.e. for documents related to *any* property at *any* time.

Finally, Edgewood's requested limitations on the scope of the Ford Subpoena are too narrow. Edgewood would like this Court to limit the request to the "actual financing terms and conditions of loans relating to the Seven Properties ... between February to August 2005." Edgewood Brief at 7. Edgewood's request would effectively prevent Ford from discovering relevant information. As such, Ford is entitled to review all of the information Amboy maintains related to the Seven Properties to explore its defenses to Edgewood's damages demands. In support of its arguments that all of the documents in Amboy's possession related to the Seven Properties are relevant and discoverable, Ford has cited examples of documents that allude to the Non-Parties and Affiliated Entities' involvement in the financing of the Seven Properties. *See, e.g.* Certification of Stephanie Feingold dated August 23, 2010 ("Feingold Cert.") at Exhibit C. The Court is persuaded by such arguments. As such, the Court finds that Amboy must produce all documents requested in the Ford

Subpoena that relate to the Seven Properties, including documents between Amboy, the Affiliated Entities and the Non-Parties.

### B. Confidentiality

Edgewood also objects to the Ford Subpoena to the extent it requires Amboy to produce "any and all documents, reflecting, referring or relating in any way" to financial agreements between Amboy and Edgewood.  Edgewood argues that the information is not relevant and should be protected as confidential because it implicates confidential information such as business plans, construction plans and third-party guarantees.  Edgewood Brief at 8.  Ford argues that any confidentiality concerns can be addressed through a confidentiality agreement or protective order. Ford Brief at 1.  While the Court recognizes that there is an important privacy issue in financial documents, the Court agrees that the information can be protected.  Therefore, the Court will require that the information be disclosed pursuant to a confidentiality order, only to be used in connection with this litigation.

### IV. CONCLUSION

For the foregoing reasons, the Motion to Quash is granted in part, and denied in part.  A separate order shall issue.

s/Esther Salas
**Hon. Esther Salas, U.S.M.J.**