**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**NOT FOR PUBLICATION**

```
-------------------------------------------------X
                                        :        Civil Action 06-1278 (WJM)
FORD MOTOR COMPANY, ET AL.              :
                                        :
                                        :
          Plaintiffs/Counterclaim       :
          Defendants,                   :
                                        :
                                        :            OPINION
          v.                            :   ON MOTION FOR RECONSIDERATION
                                        :
                                        :          December 10, 2010
                                        :
                                        :
EDGEWOOD PROPERTIES, INC.               :
                                        :
                                        :
          Defendant/Counterclaimant.    :
-------------------------------------------------X
```

**SALAS, UNITED STATES MAGISTRATE JUDGE:**

## I.   BACKGROUND

Pending before this Court is Defendant Golder Associates, Inc.'s ("Golder") motion for reconsideration of the Court's September 28, 2010 order (Docket Entry No. 361, the "Order") granting Edgewood's motion to amend its pleading to add a claim for violations of the New Jersey Consumer Fraud Act against Golder (the "NJCFA Claim") (Docket Entry No. 367, the "Motion"). For the reasons set forth below, the Court will grant the motion.

This case arises out of the distribution of contaminated concrete from the demolition of a Ford assembly plant in Edison, New Jersey. Ford and Edgewood entered into a contract whereby Ford agreed to provide 50,000 cubic yards of concrete to Edgewood in exchange for Edgewood

-1-

hauling it off the site.  The parties later determined that the concrete was contaminated.  As such, Ford brought claims against Edgewood under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq*. and Section 58:10-23, 11f (a)(2) of the New Jersey Spill Act for contribution and indemnification for all costs as provided under the contract.  Edgewood, in turn, asserted cross-claims, counter-claims and a third-party complaint against Ford and other parties, such as Golder, which include claims for breach of contract, contribution, negligent misrepresentation, and civil conspiracy.

On or about March 12, 2010, Edgewood filed a motion for leave to file its First Consolidated Amended Counterclaims, Cross-claims, Third-Party Complaint and First Amended Complaint ("First Motion," Docket Entry No. 299).  Thereafter, on June 14, 2010, Edgewood filed a superseding motion to file the Corrected First Consolidated Amended Counterclaims, Cross-claims, Third Party Complaint and First Amended Complaint (Docket Entry No. 327, the "Second Motion").  In the First Motion,  Edgewood sought to amend its pleadings to (1) name seven additional entities as parties; (2) add a claim for violations of the NJCFA against Golder; (3) supplement and clarify the factual allegations; (4) delete previously dismissed claims and add notations to those claims which were previously upheld; and (5) assert in one pleading all of Edgewood's claims.  In the Second Motion, Edgewood sought to (1) add a third party defendant, Alberici Constructors and (2) replead the Spill Act claims that were inadvertently omitted from the First Motion (Docket Entry No. 327, the "Corrected Pleading").

On September 17, 2010, the Court heard oral argument on the First and Second Motions and ruled in part on both motions.  *See generally* Docket Entry No. 359, Transcript dated September 17, 2010 (the "Transcript").  On September 24, 2010, the Court issued the Order, referencing the

transcript from the proceeding and ruling on the remaining issues.  In relevant part, at the September 17, 2010 argument, the Court ruled that Edgewood had not unduly delayed in seeking to amend its pleadings to add the NJCFA Claim, but reserved on whether the NJCFA Claim was futile.  *See* Transcript at 124:2 to 9.  Specifically, the Court found that Edgewood had not unduly delayed based on Edgewood's representation to the Court that it had relied upon the October 2009 testimony from Andrew Lewis, a Golder employee, to adequately plead the NJCFA Claim.  In the Order, the Court found that the NJCFA Claim was not futile and granted Edgewood's motion.[1]  Thereafter, on October 13, 2010, Golder filed the Motion seeking reconsideration of this Court's ruling permitting Edgewood to plead the NJCFA Claim and the Court heard oral argument on November 17, 2010.

## II.  DISCUSSION

### A.     Legal Standard

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." *See S.C. v. Deptford Twp. Bd. of Ed.*, 248 F. Supp. 2d 368, 380 (D.N.J. 2003). In the District of New Jersey, a motion for reconsideration is governed by Local Civil Rule 7.1(i). A motion for reconsideration may be made for one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  *Database Am., Inc. v. Bellsouth Advertising & Publishing Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). Accordingly, "the motion may address only 'dispositive factual matters or controlling decisions of law' that were presented to, but not considered by, the court in the course of making the decision at issue." *Yurecko*

---

[1] The Court notes that Golder submitted a letter dated September 24, 2010 taking issue with the Court's Order.  The Court did not give Golder permission to submit the letter and as such, did not consider the letter.

*v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (citing *Resorts Int'l. Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F.Supp. 826, 831 (D.N.J. 1992)).

Importantly, purported errors of law claimed by the parties are, by themselves, insufficient to sustain such a motion such that the court should alter its judgment. *Oritani Sav. & Loan Ass'n v. Fidelity Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) ("[a] motion for reconsideration is improper when it is used to ask the Court to rethink what it had already thought through – rightly or wrongly") (internal quotation marks and citation omitted). Nonetheless, "a court has the power to revisit prior decisions of its own" to correct an "initial decision [that] was clearly erroneous and would work a manifest injustice." *McGarvey v. Penske Auto. Group, Inc.*, Civil Action No. 08-5610, 2010 U.S. Dist. LEXIS 32228, at *8 - *9 (D.N.J. Mar. 29, 2010) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

Golder seeks reconsideration of the Order on the basis of manifest injustice. In support, Golder argues that the Court (1) overlooked Edgewood's pleadings and documents; (2) relied upon erroneous statements by Edgewood's counsel; and (3) ignored Edgewood's failure to explain its delay and the prejudice to Golder. *See* Defendants [sic], Golder Associate[s], Inc.'s Motion for Reconsideration of the Court's September 28, 2010 Order ("Golder Brief") at 2. In opposition, Edgewood contends that (1) Golder has not satisfied the enumerated standard to prevail on a motion for reconsideration and (2) the Court properly considered all of the relevant facts and law when granting Edgewood's motion to add the NJCFA Claim. *See* Opposition of Edgewood Properties, Inc. and Other Entities to Motion for Reconsideration of the Court's September 28, 2010 Order Filed by Golder Associates, Inc. ("Edgewood Brief") at 7.

At the September 17, 2010 oral argument, the Court stated that "based on the representations

by Ms. Gaede [Edgewood's counsel] that the Lewis deposition in the fall of 2009 – in October of 2009 shed light on – on the facts, and that they learned new information. I'm - I'm not going to find that it was – that Edgewood unduly delayed." Transcript at 124:2 to 6. Therefore, because Edgewood's counsel's representations are "dispositive factual matters" upon which the Court based its decision, the Court will focus its analysis on its reliance upon Edgewood's counsel representations, namely the substance of the Lewis deposition and the fact that Edgewood relied upon the facts learned in the deposition to plead the NJCFA Claim. In doing so, the Court will reconsider its review of Edgewood's pleadings and documents. After reviewing the Order, the Transcript and the arguments presented in the Motion for Reconsideration and by counsel at the November 17, 2010 oral argument, the Court finds that it must reverse itself to correct a decision that is clearly erroneous pursuant to the Court's inherent power to prevent manifest injustice.

     **B.**    **Analysis**

     The NJCFA Claim in the Corrected Pleading is based on alleged misrepresentations made by Golder, among others, about the quality of the crushed concrete to be distributed to Edgewood and Edgewood's reliance upon them. *See* Corrected Pleading at ¶¶ 516 to 519, 528, 529. Critical to Edgewood's allegations are two memos, authored by Golder, dated January 27, 2005 and April 27, 2005 (the "Golder Memos") which Edgewood alleges contained knowing misrepresentations that "Edgewood would receive crushed concrete not exceeding the residential or unrestricted use criteria." *Id.* at 525. The parties do not contest that Edgewood possessed these memos as early as December 2006 as Edgewood utilized the Golder Memos to plead the allegations in Edgewood's first pleading in this litigation. *See* Corrected Pleading; *see also* Answer, Counterclaims, Third-Party complaint and Demand for Jury Trial dated December 7, 2006 (Docket Entry No. 14, "Edgewood

Original Answer"); Transcript at 95:20 to 23.  Therefore, at oral argument, the Court asked Edgewood to detail the new information it had discovered to merit Edgewood adding the NJCFA four years after it originally pled the same claim against Ford and had possession of the relevant documents underlying the claim.

Edgewood's First and Second Motion do not mention the Lewis deposition as the reason to explain Edgewood's delay in seeking to add the NJCFA claim against Golder.  *See generally* First and Second Motions.  When pressed by the Court at oral argument for an explanation for Edgewood's delay in adding the NJCFA Claim against Golder, Edgewood's counsel first mentioned the deposition of Golder engineer Michael Flanagan.  *See* Transcript at 95:5 to 97:10.  Specifically, the Court asked Edgewood's counsel: "what facts did you learn and when that you would say support you bringing this motion when you brought it as against Golder regarding the New Jersey Consumer Fraud Act?"  *Id.* at 96:8 to 11.  In response, Mr. Roddy, counsel for Edgewood, stated "I think it's the deposition of Golder engineer Michael Flanagan taken in May of this year."  *Id.* at 96:12 to 13. After further clarification, the Court then pointed out to Mr. Roddy that Edgewood sought leave to add the NJCFA Claim in March of 2010, but Mr. Flanagan's deposition did not take place until May 2010.  *Id.* at 97:11 to 21.

Realizing that Edgewood could not have relied upon the Flanagan deposition as support for its argument that it recently learned new facts enabling Edgewood to plead the NJCFA Claim, the Court again asked Edgewood's counsel to explain what events occurred during the litigation to lead Edgewood to seek leave to plead the NJCFA Claim at this juncture in the litigation.  *Id.* at 97:22 to 23.  At this time, Edgewood's counsel finally mentioned that Edgewood learned new facts in the Lewis deposition that led them to plead the NJCFA Claim.  *Id.* at 97:24 to 98:1.  When the Court

-6-

asked for details about the substance of the Lewis deposition, Edgewood's counsel noted that she was citing from memory. *Id.* at 100:23 to 24. Notably, Edgewood's counsel did not have a copy of the Lewis deposition transcript, nor did Golder's counsel have notice that Edgewood would be relying upon facts learned at the Lewis deposition to support Edgewood's arguments that it did not unduly delay. *Id.* at 100:23 to 24; Defendant, Golder Associates, Inc's Reply Brief ("Golder Reply") at 8. Therefore, at the time of oral argument, Golder was unable to dispute the accuracy of Edgewood's contentions.

In ruling that Edgewood did not unduly delay, the Court relied upon the following representations of counsel about the substance of Mr. Lewis' testimony: (1) Mr. Lewis did not independently verify the accuracy of the information Ford told him to include in the Golder Memos and (2) Mr. Lewis "testified that it was his understanding that Mr. Hemingway [Golder employee] was asked to simply put a new date on the memo and give it to someone ... without confirming that what was actually in the memo was consistent with what was being done on the site." Transcript at 99:5 to 100:5; 101:6 to 102:13. The Court also relied upon Edgewood's counsel's assertion that the Lewis deposition was "critical" in Edgewood's evaluation of the NJCFA Claim and subsequent amendment. Transcript at 100:6 to 9.

After argument, Golder apparently reviewed the Lewis deposition transcript. In the Motion, Golder informed the Court that Edgewood's counsel misrepresented a portion of Mr. Lewis' testimony. *See* Golder Brief at 9. Golder pointed out that Mr. Lewis did not testify that Mr. Hemingway changed the date on the memo. *Id.* In fact, Mr. Lewis actually testified that he did not know how the date on the memo was changed. *See* Certification of John P. Lacey In Support of Defendant, Golder Associates, Inc.'s Motion for Reconsideration of the Court's September 28, 2010

Order ("Lacey Cert."), Exhibit E, 199:17 to 18.  Edgewood does not dispute that Mr. Lewis did not testify that Mr. Hemingway changed the date on the January 27 Golder Memo.  *See* Edgewood Brief at 13.

Based on this misrepresentation, the Court must now carefully review counsel's other representations about the substance of the Lewis deposition and its representations that Edgewood utilized the facts gleaned from the Lewis deposition in pleading the NJCFA Claim.  If Edgewood did not rely upon the information Edgewood claims that it learned in the Lewis deposition in the Corrected Pleading, the basis for the Court's holding is clearly erroneous because the Court relied upon Edgewood's representation that it did.  Moreover, Edgewood has not provided the Court any other fact that it learned in discovery to explain Edgewood's delay in asserting the NJCFA Claim. To uphold a clearly erroneous ruling based on a misrepresentation of counsel constitutes a manifest injustice the Court must correct.  *See McGarvey*, 2010 U.S. Dist. LEXIS 32228, at * 8 - * 9. Specifically, the Court will consider whether Edgewood has utilized the allegation that Golder did not independently verify the information contained in the Golder Memos in pleading the NJCFA Claim.

### C.    Edgewood's Proposed Amendment

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  Pursuant to *Foman*, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. Id.  "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

-8-

In determining whether an amendment should be denied for undue delay, the Court "must focus on the plaintiffs' motives for not amending their complaint to assert [the proposed] claim earlier[.]" *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). "There is no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue'." *Coulson v. Town of Kearny*, Civil Action No. 07-5893, 2010 U.S. Dist. LEXIS 3711, *8 (D.N.J. Jan. 19, 2010). "The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point the delay will become 'undue,' placing an unwarranted burden on the court[.]" *Adams*, 739 F.2d at 868. "Delay may become undue when a movant has had previous opportunities to amend the complaint." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). In other words, the Court should also consider whether "new information came to light or was available earlier to the moving party." *In re Adams Golf, Inc. Secs. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004).

Moreover, delay alone does not justify denying a motion to amend. *Cureton*, 252 F.3d at 273. Rather, only when the delay places an unwarranted burden on the court or on the opposing party is a denial on the basis of delay appropriate. *Adams*, 739 F.2d at 868. Unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

Upon review of the portions of the Lewis deposition transcript provided to the Court, the Court believes it is arguable whether Mr. Lewis testified that Golder did not take steps to verify the contents of the Golder Memos. Assuming, however, that Mr. Lewis did testify to this fact, the Court is unable to locate in the Corrected Pleading where the alleged testimony from the Lewis deposition

-9-

is utilized to plead the NJCFA Claim.  Moreover, when the Court asked Edgewood's counsel at the November 17, 2010 oral argument to list the paragraphs of the Corrected Pleading where it pled the facts learned from the Lewis deposition, Edgewood's counsel directed the Court to certain paragraphs, however, they did not contain any of the allegedly newly discovered facts.  As such, the Court finds that Edgewood has not demonstrated that it utilized any newly learned facts to plead the NJCFA claim. *See In re Adams*, 381 F.3d at 280.

In fact, upon further review, the Court finds that the the NJCFA Claim is based on facts and allegations that Edgewood knew as far back as 2006, when it pled the identical claim against Plaintiff Ford Motor Company.  *See* Edgewood Original Answer, Count IV; Corrected Pleading, Count VII; *see also* Edgewood Brief at 2-3 ("Golder was presumably on notice of Edgewood's NJCFA counterclaim against Ford [in 2008] and Edgewood's allegations concerning Golder's involvement in Ford's wrongdoing").  These allegations include the alleged February 23, 2005 meeting between Edgewood, Ford and Golder and the substance of the Golder Memos.  *Id.* Edgewood has failed to meet its burden to demonstrate why it could not have pled the NJCFA Claim when it initially brought the action against Golder in 2008.   Edgewood has also not provided this Court with any justification for waiting two years to assert the NJCFA claim when it had all of the information in its possession as of December 2006.  Edgewood has only set forth one fact with specificity that it learned through the Lewis deposition and has not been able to show the Court how it needed that fact to plead the NJCFA Claim.  The Court relied upon Edgewood's representations of Mr. Lewis' testimony and that Edgewood needed that testimony to properly plead the NJCFA Claim.  *See* Transcript at 99:5 to 100:9; 101:6 to 102:13.  The Court finds that Edgewood did not need Mr. Lewis' testimony because it did not utilize it in the Corrected Pleading.

In its opposition, for the first time, Edgewood argues that it learned information relevant to the NJCFA Claim in the September 2009 depositions of Frank Sellinger and John Verlaque. Edgewood Opposition at 5 - 6.   Importantly, however, both Mr. Sellinger and Mr. Verlaque are Edgewood employees.  If Mr. Sellinger and Mr. Verlaque possessed information that was important to Edgewood's ability to plead the NJCFA Claim, Edgewood had a responsibility to interview its own witnesses sooner.   As such, the Court does not find that the Mr. Sellinger or Mr. Verlaque's testimony is newly discovered information.  In fact, their testimony demonstrates that Edgewood had access to the type of information Edgewood claimed it needed to adequately plead the NJCFA Claim.  This access cuts against a finding that Edgewood did not unduly delay.  *See In re Adams*, 381 F.3d at 280.

Permitting Edgewood to plead the NJCFA claim at this late stage without justification for the delay would result in prejudice to Golder, such as re-examining documents already produced in discovery and seeking more discovery.  *See* Golder Brief at 15; Golder Reply at 10.  As such, the Court finds that Edgewood could have pled the NJCFA Claim sooner and must reverse itself as to the issue of undue delay.

The Court grants the motion for reconsideration.   Because the Court relied upon misrepresentations about the substance of Mr. Lewis' testimony and Edgewood's reliance upon his testimony to plead the NJCFA Claim as the basis for its ruling, it would be clearly erroneous constituting a manifest injustice for the Court to allow that ruling to stand.  Therefore, Edgewood will not be permitted to assert the NJCFA Claim.

-11-

### III.   CONCLUSION

For the foregoing reasons, Golder's motion for reconsideration is granted.   An order shall

follow.

**s/Esther Salas**
**HON. ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**