UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

---------------------------------------------------------X
:    Civil Action 06-1278 (WJM) (ES)
FORD MOTOR COMPANY, ET AL.    :
:
       Plaintiffs/Counterclaim    :
       Defendants,    :
:
:    **OPINION**
v.    :
:    **February 15, 2011**
:
EDGEWOOD PROPERTIES, INC.    :
:
:
       Defendant/Counterclaimant.    :
---------------------------------------------------------X

**SALAS, UNITED STATES MAGISTRATE JUDGE:**

## I.   BACKGROUND AND PROCEDURAL HISTORY

Pending before the Court are Defendant-Counterclaimant Edgewood Properties, Inc. ("Edgewood"), non-parties Jack Morris, Sheryl Weingarten and John Verlaque, and Edgewood's affiliated entities'[1] (collectively "Edgewood") motions to quash the subpoenas served upon

---

[1] Edgewood defines the affiliated entities as Columbia Group, JSM at Applegarth, LLC, JSM at Brick, LLC, JSM at Route 70, LLC, Fulton Square Urban Renewal, LLC, JSM at Fulton Street, LLC, JSM at Fulton Square, LLC, JSM at Fulton, LLC, JSM at Martin Boulevard, LLC, JSM at Tingley, LLC, WWM Properties, LLC, Beechwood at Edison, LLC, EP Equipment, LLC, JSM at Jersey Avenue, LLC, JSM at 401 Jersey Avenue, LLC, JSM at New Durham Road, LLC, JSM at West End Avenue, LLC, JSM at Woodlands, LLC, JSM at Matawan, LLC, JSM at Monmouth Road, LLC, JSM at Monmouth Road II, LLC, JSM at Stelton, LLC, JSM at Falcon, LLC and/or JSM at Poole Avenue, LLC (collectively the "Affiliated Entities").

1

Columbia Bank ("Columbia") and Principal Global Investors ("PGI") by Plaintiff-Counterclaim Defendant Ford Motor Company ("Ford") and for a protective order. (Docket Entry Nos. 357, the "Columbia Motion," dated September 21, 2010; Docket Entry No. 358, the "PGI Motion," dated September 21, 2010). On October 4, 2010, Ford filed an omnibus memorandum of law in opposition to the Columbia Motion and the PGI Motion (Docket Entry No. 363, "Ford's Opp. Br."), and on October 12, 2010, Edgewood filed its reply brief (Docket Entry No. 365, "Edgewood's Reply Br."). The instant decision will also revisit this Court's previous opinion and order granting in part and denying in part Edgewood's motion to quash a subpoena served upon Amboy Bank[2] ("Amboy") by Ford (the "Amboy Subpoena"). (*See* Docket Entry Nos. 354, 382 and 383).

This case arises out of the demolition of a Ford assembly plant in Edison, New Jersey, and the distribution of contaminated concrete therefrom. Ford and Edgewood entered into a contract whereby Ford agreed to provide 50,000 cubic yards of concrete to Edgewood in exchange for Edgewood hauling it off the site. Thereafter, Edgewood brought the concrete to seven properties it was developing (the "Seven Properties"). The parties later determined that the concrete was contaminated. As such, Ford brought claims against Edgewood under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq*. and Section 58:10-23, 11f (a)(2) of the New Jersey Spill Act ("Spill Act" or "Act") for contribution and indemnification for all costs as provided under the contract. Edgewood, in turn, has asserted cross-claims, counter-claims and a third-party complaint against Ford and other parties, which include claims for breach of contract, contribution, negligent misrepresentation, and civil conspiracy.

---

[2] Amboy Bank is f/k/a Amboy National Bank.

## II. THE COLUMBIA SUBPOENA

### A. Introduction

Edgewood seeks for the Court to enter a protective order and/or quash a subpoena dated September 8, 2010 served by Ford upon Columbia (*See* Docket Entry Nos. 357-2, Certifications of Alan Wasserman dated September 21, 2010, Exhibit A (the "Columbia Subpoena"). (The Columbia Motion). In short, Edgewood argues that the Columbia Subpoena seeks irrelevant information, is overly broad and will result in the improper production of both Edgewood's highly confidential commercial information, and certain non-party's personal financial information. (Docket Entry No. 357-1, "Edgewood's Columbia Moving Br.," dated September 21, 2010). As detailed below, the Court grants the Columbia Motion in part and denies in part.

### B. Relevant Law

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that "the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ." Moreover, an "issuing court may . . . quash or modify the subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B). In addition, upon a showing of "good cause" a court may enter a protective order to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

### C. Discussion

The Columbia Subpoena contains two separate, albeit overlapping, document requests. The first document request seeks "[a]ny and all documents . . . containing, reflecting, referring or relating in any way to loans, mortgages or other financial agreements between Columbia and Edgewood

3

Properties or any of its affiliates . . . between 2002 and the present" (the "Request for Financial Agreements"). (The Columbia Subpoena). The Request for Financial Agreements includes, but is not limited to, "all documents and correspondence submitted to or prepared by or on behalf of Columbia in connection with such loans, mortgages, and financial agreements," such as "loan applications and supporting materials, guarantees, financial information, pro formas, environmental reports, environmental due diligence services, appraisals and property approvals." (*Id.*) Ford argues that these documents are relevant to Edgewood's (1) damages and (2) environmental expertise. (*See* Ford's Opp. Br. at 6-8). The second request seeks "[a]ny and all correspondence . . . between Columbia and Edgewood Properties, including Edgewood Properties' current or former employees, agents, consultants . . . including but not limited to, Jack Morris, Sheryl Weingarten, John Verlaque, and Douglas Flaim, concerning, discussing, or relating to any loans, mortgages, or other financial agreements between and among Columbia and Edgewood Properties or any of its affiliates . . . between 2002 and the present." (*See* the Columbia Subpoena). Ford argues that this request "is tailored to ensure" the production of correspondence that "that might not have been specifically submitted by, or sent to, Edgewood itself." (Ford's Opp. Br. at 7).

    i.    Relevance

In evaluating the permissible scope of the Columbia Subpoena, the Court will analyze the relevance of the requested information pursuant to Fed. R. Civ. P. 26(b)(1). *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007) ("A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1)"). Thus, the Court will consider whether the Columbia Subpoena seeks relevant information "reasonably calculated to lead to the discovery of admissible evidence." Fed.

4

R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...."). The Court may limit the frequency or extent of discovery if it is (i) unreasonably cumulative or duplicative; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit ...." Fed. R. Civ. P. 26(b)(2)(C).

The Columbia Subpoena, in essence, seeks production of all documents and correspondence that relate to loans, mortgages or other financial agreements between Columbia and Edgewood, Edgewood's affiliates, and various non-parties, including Jack Morris, Sheryl Weingarten, John Verlaque, and Douglas Flaim. Ford argues that the documents are relevant to Edgewood's damages for carrying costs, construction cost increases and lost opportunity costs. (Ford's Opp. Br. at 6). Ford also argues that its request for environmental information relating to any property that is owned by Edgewood is relevant because Edgewood has placed its level of environmental expertise at issue; as a result, Ford, argues that it needs the environmental information in order to test Edgewood's level of sophistication as a developer, to "establish a baseline of environmental conditions," and to "undercut" Edgewood's damage demands. (Ford's Opp. Br. at 8). Indeed, Edgewood concedes that documents relating to Edgewood's "environmental knowledge prior to February 23, 2005, the environmental conditions of the Seven Properties at issue, and information relating to Edgewood's damages claims for the Seven Properties" are relevant. (Edgewood's Columbia Moving Br. at 1).

The Court finds that the sweeping scope of the Columbia Subpoena is overly broad because it requires production of documents and correspondence relating to financial agreements that do not pertain to the Seven Properties. Although the Court agrees that Ford is entitled to discovery from third parties as it relates to Edgewood's damages and sophistication with environmental issues, Ford

5

has not met its burden of why documents and correspondence that are unrelated to the Seven Properties are relevant. As a result, the Court will narrow the terms of the Columbia Subpoena so that it only implicates documents and correspondence that are related to the loans, mortgages, and other financial agreements that pertain to the Seven Properties.

      ii.      Confidential Information

In addition, Edgewood argues that the Columbia Subpoena should be quashed or modified because it threatens disclosure of "confidential business information and trade secrets" such as business models and the terms and conditions of business arrangements. (Edgewood's Columbia Moving Br. at 2, 4, and 6). Ford argues that Edgewood cannot meet its burden to quash the Columbia Subpoena because Edgewood's concern about disclosing confidential business information is an unsubstantiated generalization. (Ford's Opp. Br. at 9 (*citing* Docket Entry No. 356, Ford Motor Company's Memorandum of Law in Opposition to Motion to Quash the Subpoena Issue to Amboy Bank f/k/a Amboy National Bank and for a Protective Order, at 14-17)). While the Court recognizes that Edgewood has a legitimate privacy concern relating to its business model and development plans, the Court agrees with Ford that the information can be protected pursuant to a confidentiality order. As such, documents relating to Edgewood's business plans should be produced pursuant to an agreed upon confidentiality order. The parties are required to meet and confer on this issue and are to submit to the Court a proposed confidentiality order that requires disclosure of documents that may be used solely in connection with this litigation.

      iii.      Edgewood's Request for a Protective Order

Next, Edgewood also objects to the Columbia Subpoena because it threatens disclosure of highly personal financial information that may have been submitted in connection with obtaining a

loan, mortgage or other financial agreement. Although the Court finds that documents and correspondence which relate to the Seven Properties, including those which involve or implicate non-parties are relevant, Edgewood has met its burden of showing "good cause" for entry of a protective order to preclude Ford's discovery of non-party individual's personal financial information. Fed. R. Civ. P. 26(c). As such, the Court will require Columbia to submit documents and correspondence that contain non-parties Jack Morris and Sheryl Weingarten's personal financial information to their personal counsel, Douglas K. Wolfson. Mr. Wolfson shall review the documents and correspondence and can redact Mr. Morris and Ms. Weingarten's highly personal financial information prior to providing the documents and correspondence to Ford. Moreover, to the extent that the Columbia Subpoena threatens disclosure of other non-party individuals' personal financial information, such as Mr. Verlaque or Mr. Flaim, the Court shall require Columbia to submit those documents and correspondence to Edgewood's outside counsel. Edgewood's outside counsel shall review the documents and correspondence and can redact the non-party individuals' financial information prior to providing the documents and correspondence to Ford.

### D. Conclusion

For the above-mentioned reasons, Edgewood's motion for a protective order and/or to quash the Columbia Supboena is hereby GRANTED in part and DENIED in part.

### III. THE PGI SUBPOENA

### A. Introduction

Edgewood seeks for the Court to enter a protective order and/or quash a subpoena dated September 8, 2010 served by Ford upon PGI (*See* Docket Entry No. 358-2, Certification of Alan Wasserman dated September 21, 2010, Exhibit A (the "PGI Subpoena")). (The PGI Motion).

Edgewood argues that the PGI Subpoena seeks irrelevant information, is overly broad, and threatens the disclosure of confidential business information and the personal financial information of non-parties. (*See* Docket Entry No. 358-1, Memorandum of Law in Support of Motion to Quash Subpoena Issue to Principal Global Investors and for a Protective Order ("Edgewood's PGI Moving Br."), dated September 21, 2010). Ford argues that the PGI Subpoena is not overly broad, seeks production of relevant information, and that Edgewood cannot meet its burden for entry of a protective order. (*See* Ford's Opp. Br.). Moreover, Ford also argues that Edgewood may not move to quash the PGI Subpoena in the District of New Jersey because the PGI Subpoena was issued by the Southern District of Iowa. (*Id.* at 3-4).

**B.     Relevant Law and Discussion**

i.     Motion to Quash

To begin, Fed. R. Civ. P. 45(c) provides that only the "issuing court" is permitted to quash or modify a subpoena. Here, the Southern District of Iowa is the "issuing court." Thus, the Court agrees with Ford that this Court is not the appropriate forum for Edgewood to file a motion to quash the PGI Subpoena. *See Kearney for Kearney v. Jandernoa*, 172 F.R.D. 381, 383 n.4 (N.D. Ill. 1997). As such, Edgewood's motion to quash the PGI Subpoena is denied without prejudice and Edgewood may refile this motion in the appropriate forum.

ii.     Edgewood's Request for a Protective Order

Fed. R. Civ. P. 26(c)(1) provides that "any person from whom discovery is sought may move for a protective order in the court where the action is pending." Thus, the Court will consider Edgewood's motion for a protective order with respect to the PGI Subpoena. Because the parties take the same positions with respect to the PGI Subpoena as they do with the Columbia Subpoena,

8

the Court's analysis is also the same. Accordingly, the Court will require PGI to submit documents and correspondence that contain the personal financial information of non-parties Jack Morris and Sheryl Weingarten to their personal counsel, Mr. Wolfson. Mr. Wolfson shall review the documents and correspondence and, as previously ruled, Mr. Morris and Ms. Weingarten's highly personal financial information shall be redacted prior to providing the documents and correspondence to Ford. Moreover, to the extent that the PGI Subpoena threatens disclosure of other non-party individuals' personal financial information, such as Mr. Verlaque or Mr. Flaim, the Court shall require PGI to submit those documents and correspondence to Edgewood's outside counsel. Edgewood's outside counsel shall review the documents and correspondence and can redact the non-party individuals' financial information prior to providing the documents and correspondence to Ford.

    **C.**    **Conclusion**

For the reasons set forth above, Edgewood's motion to quash the PGI Subpoena is DENIED without prejudice, and its request for a protective order is GRANTED in part and DENIED in part.

**IV.**    **THE AMBOY SUBPOENA**

Based on arguments set forth by Mr. Wolfson during the January 3, 2011 oral argument, the Court will amend its prior opinion and order (Docket Entry Nos. 382 and 383) relating to Edgewood's motion to quash the subpoena served upon Amboy (Docket Entry No. 354). Accordingly, for the reasons set forth above, the Court finds good cause to enter a protective order to require Amboy to submit documents or correspondence that contain non-party Jack Morris and Sheryl Weingarten's personal financial information to their personal counsel, Mr. Wolfson. Mr. Wolfson shall review the documents and correspondence and is permitted to redact Mr. Morris and Ms. Weingarten's highly personal financial information prior to providing the documents and

9

correspondence to Ford. Moreover, to the extent that the subpoena served upon Amboy threatens disclosure of other non-party individuals' personal financial information, the Court shall require Amboy to submit those documents and correspondence to Edgewood's outside counsel. Edgewood's outside counsel shall review the documents and correspondence and can redact the non-party individuals' financial information prior to providing the documents and correspondence to Ford.

## V.   CONCLUSION

For the reasons set forth above, the Court hereby: (1) GRANTS the Columbia Motion in part and DENIES in part; (2) GRANTS the PGI Motion in part and DENIES in part; and (3) amends its prior opinion and order (Docket Entry Nos. 382 and 383) relating to the Amboy Subpoena to include entry of a protective order.

/s/ Esther Salas
**HONORABLE ESTHER SALAS,**
**United States Magistrate Judge**