**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FORD MOTOR COMPANY, ET AL.,** | **Civ. No. 06-1278** |
| **Plaintiffs/Counterclaim Defendants,** | **OPINION** |
| **v.** | **HON. WILLIAM J. MARTINI** |
| **EDGEWOOD PROPERTIES, INC.,** | |
| **Defendant/Counterclaimant.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant-Counterclaimant/Third-Party Plaintiff Edgewood Properties, Inc.'s ("Edgewood") (1) appeal of Magistrate Judge Salas' September 28, 2010 Letter Order ("September 28 Letter Order," Docket Entry No. 361) denying Edgewood's motion for leave to file an amended complaint asserting claims against an additional party, Alberici Constructors, Inc. ("ACI"); and (2) appeal of Magistrate Judge Salas' December 10, 2010 Opinion and Order ("December 10 Opinion and Order," Docket Entry Nos.395, 396) granting Defendant Golder Associates, Inc.'s ("Golder") motion for reconsideration of the September 28, 2010 Letter Order granting Edgewood's motion to amend its pleading to add a claim for violations of the New Jersey

Consumer Fraud Act ("NJCFA") against Golder.  There was no oral argument.  Fed. R.

Civ. P. 78.  For the reasons that follow, Plaintiffs' appeals are both **DENIED**, and both

(1) Judge Salas' September 28, 2010 Letter Order denying Edgewood's motion for leave

to file an amended complaint asserting claims against ACI, and (2) Judge Salas'

December 10, 2010 Order granting Defendant Golder's motion for reconsideration, are

**AFFIRMED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the distribution of contaminated concrete from the

demolition of a Ford Motor Company ("Ford") assembly plant in Edison, New Jersey in

2004.  Ford contracted with MIG/Alberici, LLC ("MIG/Alberici") to conduct the

demolition and properly dispose of the concrete.  Ford then entered into an agreement

with Edgewood Properties, Inc. ("Edgewood"), whereby Ford agreed to provide 50,000

cubic yards of concrete to Edgewood in exchange for Edgewood hauling it off the site.

Edgewood then used the concrete as backfill on seven commercial property sites that they

were developing (the "Seven Properties").  The parties later determined that the concrete

was contaminated.  As such, Ford brought claims against Edgewood under the

Comprehensive Environmental Response, Compensation and Liability Act of 1980, as

amended, 42 U.S.C. § 9601 et seq. ("CERCLA"), and Section 58:10-23, 11f (a)(2) of the

New Jersey Spill Act for contribution and indemnification for all costs as provided under

the contract. Edgewood, in turn, asserted cross-claims, counterclaims and a third-party

complaint against Ford and other involved parties, which include claims for breach of contract, contribution, negligent misrepresentation, and civil conspiracy.

On March 12, 2010, and again on June 14, 2010, Edgewood filed motions for leave to file its First Consolidated Amended Counterclaims, Cross-claims, Third-Party Complaint and First Amended Complaint (Docket Entry Nos. 299, 327.)  Among other amendments requested, Edgewood moved to: (1) add a claim against Defendant Golder for violations of the NJCFA, claiming that recent fact discovery had indicated the presence of such a claim; and (2) add ACI as a third party defendant to the claims it has asserted against Third-Party Defendant MIG/Alberici, LLC ("MIG/Alberici").[1] Judge Salas heard oral argument on September 17, 2010 on the motion to amend, and on September 28, 2010 issued a Letter Order (1) granting Edgewood's motion to amend the complaint to include a claim against Defendant Golder for violations of the NJCFA, and (2) denying Edgewood's motion to amend the complaint to add ACI as a third-party defendant.

On October 13, 2010, Edgewood filed the first of the instant appeals (the "First Appeal," Docket Entry No. 366), challenging Judge Salas' decision denying the addition of ACI.  Also on October 13, 2010, Golder filed a motion for reconsideration (Docket Entry No. 367), challenging Judge Salas' decision regarding the NJCFA claim.  On

---

[1] Third-Party Defendant MIG/Alberici is a joint venture formed by two entities, Paul Jenkins and Alberici Industrial, L.L.C. (MIG/Alberici's Opp. Br., Docket Entry No. 377, at 3.) ACI is not a member of the joint venture, but is an entirely separate corporation.  (*Id.*)  Personnel from ACI, however, were present at the Ford site in question.  (*Id.*)

December 10, 2010, Judge Salas granted Golder's motion to reconsider and, reversing her earlier decision, denied Edgewood's motion to include a claim against Golder for violations of the NJCFA.  Edgewood then filed the other instant appeal (the "Second Appeal," Docket Entry No. 402) on December 28, 2010, challenging Judge Salas' December 10 Opinion and Order.

## II.   DISCUSSION

### A.   Standard of Review

A district court may reverse a Magistrate Judge's order if it finds the ruling to be clearly erroneous or contrary to law.[2]  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).  The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law.  *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).  A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  A decision is considered contrary to law if the magistrate judge has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

_____

[2] This standard applies to non-dispositive orders by Magistrate Judges, as opposed to a report and recommendation by a Magistrate Judge on a dispositive motion.  While Edgewood attempts to argue that Judge Salas' September 28 Letter Order is dispositive, this is not the case. Motions to amend pleadings are considered non-dispositive.  L. Civ. R. 72.1(a), Comment 2.

**B.     Rule 15(a) Standard for Amending a Pleading**

Both appeals are of Judge Salas' denials of particular portions of Edgewood's

motion to amend its pleading.  Also in both appeals, Edgewood argues that Judge Salas'

erred in finding that it failed to meet Rule 15's standard for amending a pleading.  Under

Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings by leave of

court, which should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).

The decision to grant leave to amend rests within the discretion of the court, but should

only be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue

prejudice to the opposing party; or (4) futility of amendment.  *Foman v. Davis*, 371 U.S.

178, 182 (1962).  "Only when these factors suggest that amendment would be 'unjust'

should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006)

(internal citations omitted).  Judge Salas' decisions were based on factors one and three,

undue delay and undue prejudice to the opposing party.  As such, only the standards

related to those two factors are relevant.

When evaluating whether an amendment should be denied for undue delay, the

Court must look to whether the movant had previous opportunities to amend the pleading,

to the point where the delay has placed an "unwarranted burden" on the court. *Cureton v.

Nat'l Collegiate Athletic Ass'n*, 252 F. 3d 267, 273 (3d Cir. 2001); *Adams v. Gould*, 739

F.2d 858, 868 (3d Cir. 1994).  "The concept of 'undue delay' includes consideration of

whether new information came to light or was available earlier to the moving party." *In*

*re Adams Golf, Inc. Secs. Litig.*, 381 F.3d 267, 280 (3d Cir. Del. 2004).  In determining whether there has been undue delay, the focus should be on the moving party's reasons for not amending the pleading sooner.  *USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir.2004).  While the passage of time alone is insufficient to justify denying a party's motion for leave to amend its pleading, a finding of undue delay is a sufficient basis.  *See Adams*, 739 F.2d at 868 (finding that at some point, delay becomes "'undue,' placing an unwarranted burden on the court," or "'prejudicial,' placing an unfair burden on the opposing party").

Undue prejudice is generally found where there has been unjustified delay such that an unfair burden has been placed on the opposing party.  *Adams*, 739 F.2d at 868.  Undue prejudice to the opposing party exists where "allowing an amendment would result in additional discovery, cost and preparation to defend against new facts or new theories."  *Cureton*, 252 F. 3d at 273.

### C.    Edgewood's Motion to Add ACI as a Third-Party Defendant

Edgewood's First Appeal challenges Judge Salas' denial of its motion to add ACI as a third-party defendant.  In its motion to amend, Edgewood sought to add ACI as a third-party defendant to the claims it has asserted against third-party defendant MIG/Alberici.  Edgewood claimed it learned during recent depositions that ACI was paying several of MIG/Alberici's employees who are key witnesses to the litigation. (September 28 Letter Order at 3.)  Judge Salas denied Edgewood's motion, finding that

Edgewood unduly delayed in seeking to add ACI, and that ACI and MIG/Alberici would

be prejudiced by the addition of ACI to the litigation at this point.  (September 28 Letter

Order at 4.)  Specifically, Judge Salas pointed to evidence demonstrating that

MIG/Alberici had produced documents back in June 2006 showing that ACI's personnel

were also representatives of MIG/Alberici.  (*Id.*)

On appeal, Edgewood first argues that it did not unduly delay in adding ACI as a

party, as the amended claim was filed on the applicable Scheduling Order's deadline, and

Edgewood only discovered information tying ACI to this litigation in Spring 2010

depositions.  Second, Edgewood argues that there is no undue prejudice to ACI and/or

MIG/Alberici, as ACI has been kept apprised of this case and little additional fact

discovery would be necessary since the claim against ACI is the same as the claim against

MIG/Alberici.  For the reasons stated below, the Court finds that Judge Salas did not err

in holding that Edgewood's motion to add ACI as third-party defendant should be denied

under Rule 15(a).

### 1.    Undue Delay

Judge Salas found that MIG/Alberici submitted sufficient evidence to show that

"Edgewood knew, or should have known, about the existence of ACI and its involvement

in the litigation as far back as June 2006."  (September 28 Letter Order at 4.)  Based on

this finding, Judge Salas held that Edgewood's delay in seeking leave to file claims

against ACI was undue.

7

On appeal, Edgewood argues that its Rule 15(a)(2) motion to amend its pleadings was timely filed and in good faith.  (First Appeal Br. at 2.)  Edgewood points to the fact that they filed the amended claim on the deadline provided in the applicable Scheduling Order, which was proposed by the parties in February 2010 following an unsuccessful mediation attempt.[3]  (First Appeal Br. at 6-7.)  Edgewood further argues that it did not understand ACI's role until the depositions of an ACI senior vice president and an ACI project engineer were taken in Spring 2010 ("Spring 2010 Depositions").  (First Appeal Br. at 8.)

First, filing a motion to amend within the time allowed in an applicable scheduling order does not necessarily mean the motion is not unduly delayed; it simply means that the party does not need to meet Rule 16's higher, "good cause" standard.  *See Joy v. Perez*, 2011 U.S. Dist. LEXIS 5875, *7-*8 (D.N.J. Jan. 21, 2011) (a party must first demonstrate "good cause" in order to extend a scheduling order deadline for amending pleadings).  As such, Edgewood's argument that the amended pleading was filed within the deadline goes only to the applicable standard to apply, not to whether the delay was

---

[3]  While Edgewood repeatedly points to the fact that its amended pleadings were filed within the time allowed in the applicable Scheduling Order as supporting its argument that it did not unduly delay, the opposing parties argue that the changes to the scheduling order, proposed at the February 2010 meet and confer, were made only because Edgewood requested time to amend to add a single claim against Golder (the NJCFA claim).  The opposing parties claim they were blind-sided by the subsequent proposed amendments, which were significantly broader than Edgewood implied they would be.  (Golder's Opp. Br., Docket Entry No. 372, at 9.)  The Court need not address the legitimacy of the newer Scheduling Order, as even if it was solidly in place, Judge Salas did not err in finding that Edgewood failed to meet Rule 15's standard.

undue.

Second, MIG/Alberici provided significant evidence that Edgewood knew or should have known about ACI's role well before the Spring 2010 Depositions, and should have added ACI as a party at one of many earlier opportunities, such as when Edgewood moved to amend its complaint in February 2008. (MIG/Alberici's Opp. Br., Docket Entry No. 377, at 15.) For example, MIG/Alberici points to productions made in June 2006, which include the very email that Edgewood's counsel identifies as supporting the addition of ACI as a third-party defendant. (MIG/Alberici's Opp. Br. at 3-4.) Additionally, an October 30, 2009 deposition of MIG/Alberici's Project Manager, William Robb, revealed that Mr. Robb was also the Project Manager of ACI. (MIG/Alberici's Opp. Br. at 5-6.) Since Edgewood received the relevant documents in June 2006, there have been numerous opportunities to add ACI as a third-party defendant, such as when Edgewood filed an earlier motion to amend its complaint in February 2008 (Docket Entry No. 80). Instead, Edgewood waited until June 2010 to attempt to add ACI as a party. As such, the facts presented in the parties' briefs and supporting declarations support Judge Salas' finding of undue delay, and Edgewood has failed to show that the finding was clearly erroneous.

### 2.    Prejudice to ACI and MGI/Alberici

Judge Salas found that the addition of ACI would unduly prejudice ACI and MGI/Alberici, as "documentary discovery is nearly complete and the parties have taken

over twenty-five depositions." (September 28 Letter Order at 4.)  On appeal, Edgewood

argues that ACI has been kept apprised of the progress of this case, and that the claims

against ACI mirror the claims against MIG/Alberici.  Therefore, Edgewood asserts,

MIG/Alberici and ACI have failed to meet their burden of showing prejudice as very little

additional discovery is necessary.  MIG/Alberici and ACI argue, however, that extensive

additional discovery would have to take place, and that this is unduly prejudicial since all

parties had been operating under the assumption since mid-2009 that the pleadings were

"essentially in final form."  (MIG/Alberici's Opp. Br. at 22.)

Since the Court has already upheld Judge Salas' finding of undue delay above,

there is no need to address her finding of prejudice, as a finding of undue delay alone is

sufficient to deny a motion to amend pleadings.  *See Adams v. Gould*, 739 F.2d 858, 868

(3d Cir. 1994) (stating that a motion to amend can be denied when delay has become

"undue," *or* when it has become "prejudicial" to the opposing party).  The Court will

affirm Judge Salas' decision on the basis of her finding of undue delay, and therefore

deems any analysis of her finding of prejudice to MIG/Alberici and ACI unnecessary at

this juncture.

### D.    Edgewood's Motion to Add a NJCFA Claim Against Golder

Throughout this proceeding, Edgewood has always asserted a NJCFA claim

against Ford, and Ford's earlier motion to dismiss that claim was denied by the Court in

December of 2007 (Docket Entry No. 71).  Based on facts allegedly obtained through

discovery that Golder also may have made misrepresentations about the quality of the crushed concrete, Edgewood moved in March 2010 to assert a NJCFA claim against Golder as well (Docket Entry No. 299).

Originally, during a September 17, 2010 hearing in front of Judge Salas ("September 17 Hearing," Docket Entry No. 359), Judge Salas granted Edgewood's motion to add the NJCFA claim against Golder.  Specifically, Judge Salas found that (1) Edgewood did not unduly delay or act in bad faith in seeking leave to amend, (2) Golder would not be prejudiced by such an addition, and (3) the addition of the NJCFA claim would not be futile.  (September 17 Hr'g Tr. at 124.)  However, Judge Salas later granted Golder's motion for reconsideration, finding that her original ruling was based on a misrepresentation by Edgewood's counsel regarding the substance of a deposition taken in October 2009 (the "Lewis Deposition") and the relevance of that deposition to pleading a NJCFA claim against Golder.  (December 10 Op. at 11.)  Since the basis for her earlier ruling was revealed to be a misrepresentation of the substance of the Lewis Deposition, and since Judge Salas found Edgewood had failed to otherwise explain its delay in asserting the NJCFA claim, Judge Salas found that "Edgewood could have pled the NJCFA Claim sooner[,] and [the Court] must reverse itself as to the issue of undue delay."  (*Id.*)  The only issue at hand, therefore, is whether or not Judge Salas erred in finding on reconsideration that Edgewood's delay was undue.[4]

---

[4] While Edgewood argues in its appeal that Judge Salas' finding of prejudice to Golder is clearly erroneous, the Court does not need to address this issue.  Judge Salas' decision is based

Judge Salas' decision on reconsideration denying Edgewood leave to add a NJCFA claim against Golder was based on a finding of undue delay by Edgewood.  When evaluating whether a party has unduly delayed, the court must focus on the moving party's reasons for not amending the pleading sooner.  *USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir. 2004).  Judge Salas did just that, and originally held during the September 17 Hearing that Edgewood had a valid reason not to amend the pleading sooner, in that the Lewis Deposition was integral to the filing of a NJCFA claim against Golder.  (September 17 Hr'g Tr. at 124.)  When Judge Salas learned upon reconsideration that the substance of Mr. Lewis's testimony had been somewhat misrepresented by Edgewood's counsel, and that portions of the testimony not misrepresented were not actually relied upon in pleading the NJCFA claim,[5] she subsequently ruled on reconsideration that Edgewood had indeed unduly delayed.  (December 10 Op. at 11.)

On appeal, Edgewood argues that it did not unduly delay, and that facts learned during pre-mediation discovery, not just the Lewis Deposition, were necessary to build a

---

on a finding of undue delay, and her only reference to the prejudice to Golder is one sentence at the end of her Opinion.  As stated above, a finding of delay that is "undue" as it places "an unwarranted burden on the court" is enough to justify denying a motion to amend a complaint. *Adams v. Gould*, 739 F.2d 858, 868 (3d. Cir. 1984).  Therefore, the Court will not address any finding Judge Salas may have made regarding prejudice to Golder as it is unnecessary at this time.

[5] Edgewood interprets this finding by Judge Salas as meaning that Edgewood was "required to allege specific facts learned during that deposition in its amended pleading." (Appeal Br. at 13.)  However, the Court interprets this portion of Judge Salas' ruling as simply meaning that she was unable to find any evidence in the amended complaint itself that the Lewis Deposition was necessary for Edgewood to be able to plead a NJCFA claim against Golder.

basis for Edgewood's NJCFA claim against Golder.  (Second Appeal Br., Docket Entry No. 402, at 15-16.)  Specifically, Edgewood reiterates that Mr. Lewis' testimony as to when, why and how he created the January 2005 Golder Memo, the memo at the heart of Edgewood's NJCFA claim against Golder, was integral to Edgewood's understanding of the factual basis for a NJCFA claim.  (Second Appeal Br. at 17.)

First, while Edgewood claims that the Lewis Deposition "was not the sole ground for the amendment," whether or not Edgewood argued other grounds for amendment is beside the point.  (Second Appeal Br. at 11.)  Judge Salas took into account all of Edgewood's arguments when determining whether to allow Edgewood to add a NJCFA claim against Golder, and in the end relied on "Edgewood's counsel's assertion that the Lewis deposition was 'critical' in Edgewood's evaluation of the NJCFA Claim." (December 10 Op. at 7.)  While Edgewood did provide additional arguments, Judge Salas found that only the argument regarding the Lewis Deposition supported Edgewood's motion for leave to amend after such a delay.  Once Judge Salas addressed the issue on reconsideration and found on further review that this argument did not in fact justify the extensive delay taken by Edgewood in including this claim, she reversed her decision, as this finding was integral to her analysis.  (December 10 Op. at 11.)

Second, the main basis for the NJCFA claim remains the Golder Memos (dated January 27, 2005 and April 27, 2005), which contain the alleged misrepresentations, and it is uncontested that Edgewood possessed these memos as early as 2006.  (December 10

Op. at 5.)  As stated above, in determining whether such a delay is undue, Courts should look to the motive of the delaying party.  *See USX Corp.*, 395 F.3d at 168.  Looking to Edgewood's motives for not amending their complaint sooner, Judge Salas could find no legitimate justification for why Edgewood did not bring the NJCFA claim against Golder back when it pled the identical claim against Ford in 2006, or when it initially brought the action against Golder in 2008.  (December 10 Op. at 10.)  Judge Salas' finding that Edgewood has failed to justify its delay in adding a cause of action that could have been added as early as four years ago is sufficient to support her holding denying leave to amend.  Therefore, Judge Salas did not err in finding on reconsideration that Edgewood had unduly delayed in bringing the NJCFA claim against Golder.

## III.    CONCLUSION

For the reasons stated above, Defendant-Counterclaimant/Third-Party Plaintiff Edgewood's appeals are **DENIED**, and (1) Judge Salas' September 28, 2010 Letter Order denying Edgewood's motion to add ACI as a third party defendant, as well as (2) Judge Salas' December 10, 2010 Order granting Golder's Motion for Reconsideration and denying on reconsideration Edgewood's motion to add a NJCFA claim against Golder, are **AFFIRMED**.  An appropriate Order accompanies this Opinion.


                                         s/ William J. Martini
                                         **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 4, 2011**

14