<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FORD MOTOR COMPANY, ET AL.,** | Civ. No. 06-1278 |
| **Plaintiffs/Counterclaim Defendants,** | OPINION |
| v. | HON. WILLIAM J. MARTINI |
| **EDGEWOOD PROPERTIES, INC.,** | |
| **Defendant/Counterclaimant/ Third-Party Plaintiff.** | |

<u>**WILLIAM J. MARTINI, U.S.D.J.**</u>:

This matter comes before the Court on Defendant-Counterclaimant/Third-Party Plaintiff Edgewood Properties, Inc.'s ("Edgewood") appeal of Magistrate Judge Salas' September 17, 2010 ruling on the bench ("September 17 Ruling") denying Edgewood's motion for leave to file an amended complaint asserting claims on behalf of the "Other Entities" as additional third-party plaintiffs.  A hearing was held on the motion on April 7, 2011, and the Court reserved its decision.  For the reasons that follow, Edgewood's appeal is **DENIED**, and Judge Salas' September 17, 2010 ruling denying Edgewood's motion for leave to file an amended complaint asserting claims on behalf of the "Other Entities" is **AFFIRMED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of the distribution of contaminated concrete from the demolition of a Ford Motor Company ("Ford") assembly plant in Edison, New Jersey in 2004. Ford contracted with MIG/Alberici, LLC ("MIG/Alberici") to conduct the demolition and properly dispose of the concrete. Ford then entered into an agreement with Edgewood Properties, Inc. ("Edgewood"), whereby Ford agreed to provide 50,000 cubic yards of concrete to Edgewood in exchange for Edgewood hauling it off the site. Edgewood then used the concrete as backfill on seven commercial property sites that they were developing (the "Seven Properties"). The parties later determined that the concrete was contaminated. As such, Ford filed a complaint against Edgewood on March 17, 2006, bringing claims under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 et seq. ("CERCLA"), and Section 58:10-23, 11f (a)(2) of the New Jersey Spill Act for contribution and indemnification for all costs as provided under the contract. Edgewood, in turn, asserted cross-claims, counterclaims and a third-party complaint against Ford and other involved parties on December 7, 2006, which include claims for breach of contract, contribution, negligent misrepresentation, and civil conspiracy.

On March 12, 2010, Edgewood filed a motion for leave to file its First Consolidated Amended Counterclaims, Cross-claims, Third-Party Complaint and First Amended Complaint (Docket Entry No. 299.) Among other amendments requested,

Edgewood moved to add claims on behalf of the "Other Entities," which own the Seven Properties that received the concrete at issue in this litigation.[1] Judge Salas heard oral argument on September 17, 2010 on the motion to amend, and from the bench denied Edgewood's motion to amend to add the "Other Entities." On October 1, 2010, Edgewood filed the instant appeal (Docket Entry No. 362), challenging Judge Salas' decision denying the motion to add claims on behalf of the Other Entities.

## II.  DISCUSSION

Judge Salas denied Edgewood's motion to add claims on behalf of the Other Entities based on findings that (1) the addition of the Other Entities as third-party plaintiffs would cause undue prejudice to the opposing parties, and (2) the motion was unduly delayed. (Hr'g Tr., Docket Entry No. 359, at 80.) As to undue delay, Judge Salas found that Edgewood failed to provide any detail regarding what "new information" was discovered to warrant adding these parties at this late stage. (*Id.*) As to undue prejudice, Judge Salas found that the opposing parties sufficiently demonstrated that significant additional discovery would be necessary. (Hr'g Tr. at 80-81.)

On appeal, Edgewood argues that: (1) Judge Salas failed to consider whether the Other Entities are currently parties to this litigation, which was a necessary step in

---

[1] These eight "Other Entities," which are limited liability companies with fee ownership of the Seven Properties, are as follows: JSM at Tingley, LLC; JSM at Applegarth, LLC; JSM at Brick, LLC; JSM at Route 70, LLC; JSM at Martin Boulevard, LLC; WWM Properties, LLC; Fulton Square Urban Renewal, LLC; and Columbia Group at Hamilton, LLC. Edgewood, on the other hand, is the developer of the Seven Properties.

3

evaluating the motion to amend; (2) Edgewood did not unduly delay in adding the Other Entities as the amendment was timely filed under the Scheduling Order and 11 months remained before the scheduled close of fact discovery; and (3) the opposing parties did not sufficiently show undue prejudice.[2]

### A. Standard of Review

A district court may reverse a Magistrate Judge's order only if it finds the ruling to be clearly erroneous or contrary to law.[3] *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). As such, "the magistrate judge is accorded wide discretion." *Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 997 (D.N.J. 1993) (citing *NLRB v. Frazier*, 966 F.2d 812, 815 (3d Cir. 1992)). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States*

---

[2] Edgewood additionally argues that it acted in good faith, in response to the opposing parties' allegations of bad faith made during the September 17 Hearing. However, since Judge Salas did not find that Edgewood or the Other Entities acted in bad faith in bringing their motion to amend, there is no need to address whether Edgewood acted in good faith or not.

[3] This standard applies to non-dispositive orders by Magistrate Judges, as opposed to a report and recommendation by a Magistrate Judge on a dispositive motion. While Edgewood attempts to argue that Judge Salas' September 17 Ruling is dispositive, this is not the case. Motions to amend pleadings are considered non-dispositive. L. Civ. R. 72.1(a), Comment 2.

4

*Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is considered contrary to law if the magistrate judge has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). The burden is on the appealing party to demonstrate clear error. *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 315 (D.N.J. 2009).

      **B.     Rule 15(a) Standard for Amending a Pleading**

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings by leave of court, which should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision to grant leave to amend rests within the discretion of the court, but should only be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; or (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted). Judge Salas' decision was based on factors one and three, undue delay and undue prejudice to the opposing party. As such, only the standards related to those two factors are relevant.

When evaluating whether an amendment should be denied for undue delay, the Court must look to whether the movant had previous opportunities to amend the pleading, to the point where the delay has placed an "unwarranted burden" on the court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F. 3d 267, 273 (3d Cir. 2001); *Adams v. Gould*, 739

F.2d 858, 868 (3d Cir. 1994).  "The concept of 'undue delay' includes consideration of whether new information came to light or was available earlier to the moving party." *In re Adams Golf, Inc. Secs. Litig.*, 381 F.3d 267, 280 (3d Cir. Del. 2004).  In determining whether there has been undue delay, the focus should be on the moving party's reasons for not amending the pleading sooner.  *USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir.2004).  While the passage of time alone is insufficient to justify denying a party's motion for leave to amend its pleading, a finding of undue delay is a sufficient basis.  *See Adams*, 739 F.2d at 868 (finding that at some point, delay becomes "'undue,' placing an unwarranted burden on the court," or "'prejudicial,' placing an unfair burden on the opposing party").

Undue prejudice is generally found where there has been unjustified delay such that an unfair burden has been placed on the opposing party.  *Adams*, 739 F.2d at 868.  Undue prejudice to the opposing party exists where "allowing an amendment would result in additional discovery, cost and preparation to defend against new facts or new theories."  *Cureton*, 252 F. 3d at 273.

    **C.**    **Undue Delay**

Judge Salas found that Edgewood had unduly delayed by failing to include the claims on behalf of the Other Entities in its previous amendment of its third-party complaint.  (Hr'g Tr. at 80.)  Specifically, Judge Salas found that "Edgewood has failed to provide any detail as to what it discovered in the course of the recent depositions and

6

written discovery that would warrant this Court[] allowing the proposed amendments at this late stage in the litigation." (*Id.* (citing *In re Adams Golfing Securities Litigation*, 381 F.3d 267, 280 (3d Cir. 2004).)  In challenging Judge Salas' finding that Edgewood unduly delayed in adding the claims on behalf of the Other Entities, Edgewood points to the fact that (1) they were within the Scheduling Order's deadlines, (2) the only reason they didn't file right after Ford's Second Amended Complaint was filed in July 2009 was because of preparations for mediation, and (3) they moved to add the parties just one month after the mediation was unsuccessful.  However, the opposing parties argue that Edgewood knew the properties played a role in this litigation from the beginning, and made a deliberate choice not to include them.

In determining whether an amendment should be denied due to undue delay, Courts must focus on "the plaintiffs' motives for not amending their complaint to assert [the proposed] claim earlier[.]" *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984). Additionally, delay may become undue when the party has turned down previous opportunities to amend.  *See Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir.1993) (delay was "unreasonable" where the plaintiff had previous opportunities to amend).  The concept of undue delay also includes "consideration of whether new information came to light or was available earlier to the moving party." *In re Adams Golfing*, 381 F.3d at 280. In reviewing Judge Salas' decision for clear error, the question at hand is simply whether there is enough evidence to support Judge Salas' finding that Edgewood's failure to

amend their complaint earlier warranted a denial of Edgewood's motion to amend.

At the heart of Judge Salas' ruling is Edgewood's lack of explanation for why it spent the first four years of this litigation as the sole Third-Party Plaintiff, knowing full well at least of the presence of the Other Entities, only to attempt to add them as third-party plaintiffs just as fact discovery is ending. Edgewood's own exhibit, a February 22, 2006 email from an attorney at Ford to Edgewood's general counsel, lists the Other Entities as separate LLCs with separate license agreements. (Moving Br., Wasserman Cert., Ex. W.) While Edgewood's outside counsel may have been unsure of what the relationship between Edgewood and the Other Entities was at the onset of this case,[4] at the very least Edgewood's in-house counsel should have been aware of the corporate entities and of their rights. Yet instead of bringing claims on behalf of the Other Entities from the beginning, Edgewood's position has been that it is the party-in-interest and it is entitled to maintain the claims and recover the damages requested. As Edgewood's counsel, Ms. Gaede, explained during the September 17, 2010 hearing before Judge Salas, "it is Edgewood's position that it is the party-in-interest, it is entitled to maintain the claims that it has and recover the damages at issue." (Hr'g Tr. at 77.) It seems that Edgewood made the decision to assert its claims on its own, and Judge Salas ruled that it cannot now change its course as there has been undue delay. As she stated,

---

[4] Statements by Edgewood's outside counsel, Mr. Wasserman, during the Court's hearing on the appeal seem to indicate that outside counsel may not have been aware of the relationship (or lack thereof) between Edgewood and the Other Entities until around April 2009. (April 7, 2011 Hr'g Tr., Docket Entry No. 477, at 7.)

"what I ultimately have to start deciding [is whether] to allow you to amend your pleadings to address a tactical or defensive strategy by the other side. At what stage – when do I say stop?" (Hr'g Tr. at 79.) Judge Salas also pointed to Edgewood's inability to articulate a clear reason for waiting until now to add the claims of the Other Entities. Specifically, Judge Salas noted that, "I don't have an answer from you telling me what changed, what new information did you all get that you went, ah-ha, you know what, I need to add these entities as parties now." (Hr'g Tr. at 48.)

While the Court notes that each party's version of the facts is somewhat different, and while it may be true that at the very least Edgewood's counsel was not aware of the exact corporate structure of and relationship among the Other Entities and Edgewood until the last year or two, an appropriate inquiry would have resulted in Edgewood knowing that the Other Entities had their own claims of damages. Indeed, the relevant information was in Edgewood's possession or control. It is no secret that these Other Entities are separate corporate entities,[5] and this should have led Edgewood to really consider how it wanted to proceed regarding those entities at a much earlier time. Therefore, whatever the true reason that no motion was filed earlier to include claims on behalf of these Other Entities, based on the facts presented there is enough evidence to support Judge Salas' finding of undue delay.

### D.   Prejudice to the Opposing Parties

---

[5] The Court is mindful, however, that there is some commonality of ownership among the Other Entities and Edgewood through Jack Morris and Sheryl Weingarten.

In addition to undue delay, Judge Salas also found that the addition of the claims on behalf of the Other Entities would substantially prejudice the opposing parties. Judge Salas found that "the opposing parties have sufficiently demonstrated the significance of additional discovery; namely, multiple depositions of additional parties tied to the other entities and the sheer volume of the discovery that would have to be reviewed again." (Hr'g Tr. at 81.)

Edgewood argues that Judge Salas erred in finding prejudice to the opposing parties. Instead, Edgewood claims that discovery relating to the Other Entities has been ongoing, and that minimal additional fact discovery would be necessary and could be completed by the scheduled end of fact discovery. (Moving Br. at 20-21.) Edgewood also points out that it believes no witnesses would need to be re-deposed. (Moving Br. at 21-22.) In response, Golder reiterates that even though documents have been produced dealing with the Other Entities, they were not reviewed with claims by those parties in mind and would have to be completely re-reviewed. (Golder's Opp. Br., Docket Entry No. 372, at 22-23.) Ford also notes that new depositions would be necessary, as well as re-depositions of certain principals and employees of Edgewood with connections to the Other Entities. (Ford's Opp. Br., Docket Entry No. 373, at 22.)

The need for extensive additional discovery can constitute undue prejudice to the opposing party. *See Berger v. Edgewater Steel Co.*, 911 F.2d 911, 924 (3d Cir. 1990) (affirming denial of motion to amend where new claim "would entail extensive factual

10

investigation" and "would put an unwarranted burden on the trial court and be likely to result in prejudice to" defendant); *Keene v. Sears Roebuck & Co., Inc.*, Civ. No. 05-828, 2007 WL 77324, *7 (D.N.J. Jan 8, 2007) (denying motion to amend where defendant would be prejudiced by need to conduct "significant additional discovery," including depositions and investigations). Judge Salas found that the opposing party's concerns regarding additional discovery were warranted, and based her finding of prejudice on those concerns. While each side tells a different story regarding what additional discovery would need to take place, Edgewood has failed to convince the Court that the evidence does not support Judge Salas' finding of prejudice in the form of extensive additional discovery. The Court is satisfied that Judge Salas' finding of prejudice was not clearly erroneous.

### E. Whether the Other Entities are Currently Parties

Edgewood's final argument, regarding whether or not the Other Entities are already parties in this case, brings up a parallel issue that arose after Judge Salas' decision. Edgewood argues that if the Other Entities are not official parties to this litigation, then they will be forced to assert their claims in a separate action. (Moving Br., Docket No. 362, at 13.) On this theory, the Other Entities did file an entirely separate complaint on January 25, 2011 (*JSM at Tingley, et al. v. Ford Motor Co., et al.*, Civ No. 11-448). There is also now a motion for consolidation pending in this matter to consolidate *JSM at Tingley* with the instant action (Docket Entry No. 449). Edgewood

11

claims that Judge Salas' failure to address the potential delay of an entirely separate trial "renders her decision clearly erroneous." (Moving Br. at 13.) However, the prospect, or existence, of separate trials does not negate Judge Salas' findings of undue delay and prejudice. There is no requirement that a motion to amend be granted where the alternative is two separate trials. The Court is satisfied that in this case, the issue of a second action going forward does not outweigh any undue delay or prejudice connected with amending the complaint.

Additionally, Edgewood argues on appeal that if the Other Entities are already considered parties in this lawsuit, their claims may be considered compulsory counterclaims that should be allowable under Rule 13. In their opposition, MIG/Alberici argues that this new legal argument cannot be considered on appeal as it was not raised previously. (MIG/Alberici's Opp. Br., Docket Entry No. 369, at 15.) Regardless of whether this argument is properly raised on appeal, it fails to show that Judge Salas made a decision that was clearly erroneous or contrary to law in denying Edgewood's motion to amend. First, Edgewood's motion was properly analyzed under Rule 15 as it was filed under Rule 15, and Edgewood never claimed the motion to amend was instead under Rule 13(f). *See* Fed. R. Civ. P. 13(f) ("When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of the court set up the counterclaim by amendment."). Second, even if Edgewood had brought the motion under Rule 13(f), undue delay and prejudice to the opposing party are

12

still integral factors in a Rule 13(f) analysis. *Perfect Plastics Industries, Inc. v. Cars & Concepts, Inc.*, 758 F. Supp. 1080, 1082 (W.D. Pa. 1991). Since Judge Salas found both undue delay and prejudice, even if Rule 13(f) were to be applied, her decision is not clearly erroneous or contrary to law. Finally, while any argument as to whether, or when, the Other Entities were added as parties may go to whether or not the Other Entities' claims are compulsory counterclaims, it does not go to showing clear error on the part of Judge Salas in ruling that these third-party plaintiff claims could not be added at this point.

The Court is satisfied that Judge Salas' ruling is not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Going forward, the claims of the Other Entities will be dealt with in the separate, parallel case of *JSM at Tingley*, Civ. No. 11-448, and the instant matter will continue to progress towards trial, unburdened by the new claims of the Other Entities. In addition, the Court will reserve on the motion to consolidate the two cases until discovery unfolds in the *JSM at Tingley* matter, and will consider it at some future date. The parties should be dilatory in moving forward with motions, if any, and discovery in the second action while simultaneously moving towards trial in the instant matter.

### III.    CONCLUSION

For the reasons stated above, Defendant-Counterclaimant/Third-Party Plaintiff Edgewood's appeal is **DENIED**, and Judge Salas' September 17, 2010 ruling denying

Edgewood's motion to add claims on behalf of the Other Entities is **AFFIRMED**.  An appropriate Order accompanies this Opinion.

                                     s/ William J. Martini
                                 **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 27, 2011**