UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

---

FORD MOTOR COMPANY, ET AL.

    Plaintiffs/Counterclaim
    Defendants,

v.

EDGEWOOD PROPERTIES, INC.

    Defendant/Counterclaimant.

---

Civil Action 06-1278 (ES-CLW)

**OPINION**

**November 18, 2011**

**WALDOR, United States Magistrate Judge,**

    Presently before this Court is Plaintiff Ford Motor Company's and Ford Motor Land Development Corporation's (collectively "Ford") motion for sanctions pursuant to Federal Rule of Civil Procedure 11, filed on January 13, 2011. Brief for Plaintiff, Ford Motor Co. v. Edgewood Properties, Inc., No. 06-1278 (D.N.J. 2011), ECF No. 413 [hereinafter "Sanctions Motion"]. Defendant Edgewood Properties, Inc. ("Edgewood") filed its opposition to the Sanctions Motion on February 7, 2011. Brief for Defendant, Ford Motor Co. v. Edgewood Properties, Inc., No. 06-1278 (D.N.J. 2011), ECF No. 435 [hereinafter "Edgewood's Opposition"]. Subsequently, Ford filed its reply to Edgewood's Opposition on February 14, 2011. Reply for Plaintiff, Ford Motor Co. v. Edgewood Properties, Inc., No. 06-1278 (D.N.J. 2011), ECF No. 437 [hereinafter "Ford's Reply"]. The Sanctions Motion, before this Court for reasons other than a discovery dispute, is nonetheless non-dispositive in nature. L.Civ.R. 72.1(a) at cmt. 3. Having considered the briefs pursuant to Fed.

R. Civ. P. 78, the Sanctions Motion is **DENIED.** *The Clerk of the Court is to terminate <u>Docket Entry No. 413</u>*

**I.     BACKGROUND**

This Sanctions Motion arises from protracted and rather contentious litigation between Ford and Edgewood in a collateral matter. During informal discovery efforts, Ford retained private investigator Joseph Downes ("Downes") to locate David Hofer ("Hofer"), a former employee of Edgewood. Sanctions Motion at 2, <u>Ford v. Edgewood</u>, No. 06-1278 (D.N.J. 2011). On December 11, 2008, Downes' successful efforts resulted in an afternoon meeting (the "Interview") between himself, Hofer, and Todd Harrison ("Harrison"), attorney for Ford at the time. Id. The Interview took place in a Red Lobster restaurant during lunch hour and was neither recorded nor documented. Edgewood's Opposition at 3.

On November 9, 2009, Harrison conducted a formal deposition of Hofer. Sanctions Motion at 2. During the deposition, Harrison's line of questioning related back to statements Hofer allegedly made at the Interview. Harrison repeatedly disputed Hofer's deposition testimony as inaccurate in light of Harrison's recollections. Edgewood's Opposition at 5-6. Hofer denied statements Harrison attributed to him during the Interview. (Ibid.) The disagreement between Harrison and Hofer resulted in Edgewood serving a subpoena (the "Subpoena") on Harrison claiming he had implicated himself as a witness. <u>Id.</u> at 6. The Subpoena sought Harrison's "testimony regarding the December 2008 Interview as well as any notes taken by investigator Downes during the meeting as well as a copy of the restaurant bill that would show whether alcohol had been served." <u>Id.</u>

Alan Wasserman ("Wasserman"), attorney for Edgewood, was present and spoke with Hofer following the deposition. Id. Wasserman certifies to this Court that, during the conversation, Hofer stated that he did not recall making the statements Harrison attributed to him. In explanation, Hofer "noted that almost a year had passed since the meeting and he had a few 'Jack Daniels and Coke's' during the interview." Certification of Wasserman for Edgewood's Opposition at 2, Ford v. Edgewood No. 06-1278 (D.N.J. 2009), ECF No. 435-1 (quoting conversation with David Hofer, November 9, 2009).

On November 23, 2009, Ford made a motion to quash the Subpoena. Ford claimed that "the restaurant receipt [wa]s in no way relevant or related to the claims or defenses in th[e] action." Mem. for Plaintiff's Motion to Quash at 15, Ford v. Edgewood, No. 06-1278 (D.N.J. 2009), ECF No. 289-1. In opposing Ford's motion to quash, Edgewood asserted that it was "understood that Ford's counsel treated Hofer to several glasses of intoxicating liquor." Opposition for Defendant to Plaintiff's Motion to Quash at 11, Ford v. Edgewood, No. 06-1278 (D.N.J. 2011), ECF No. 294. Edgewood interpreted Harrison's challenges to the accuracy of Hofer's deposition testimony as Ford's intention to "undermine Hofer's testimony at trial, using statements the witness purportedly made after consuming several drinks." Id. In further support of the relevance of the restaurant bill, Edgewood emphasized that any one of the attendees of the December 2008 meeting "may have been intoxicated . . . certainly a fact that makes their testimony more or less likely to be found credible by a trier of fact." Id.

On June 3, 2010, the Hon. Esther Salas, U.S.D.J., heard oral arguments on Ford's motion to quash the Subpoena. Following initial discussion with counsel for Ford concerning alternatives to deposing Harrison, Judge Salas sought Edgewood's grounds for the relevance of the

restaurant bill.  In response to the Judge's inquiry, Wasserman stated that it was relevant "[b]ecause they got Hofer sauced with liquor and I am sure that bill is going to show that they got him intoxicated before they started asking these questions." ("Wasserman's Statements") Transcript of June 3, 2010 Oral Argument at 24:8-10, Ford v. Edgewood, No. 06-1278 (D.N.J. 2011).  Judge Salas interpreted Wasserman's statement in her response back to him: "you want to see whether there were any alcoholic beverages . . . served during the time period, thereby . . . testing not only the credibility of what Mr. Hofer . . . is purported to have said, . . . but [also] the investigator's."  Id. at 24:13-20.

On June 14, 2011, Judge Salas ruled on the motion to quash, granting in part and denying in part.  Specific to the discoverability of the bill, Judge Salas held that "Edgewood . . . sustained its burden to demonstrate that the restaurant bill for the 2008 Interview of Ford's counsel and investigator with Mr. Hofer [wa]s relevant to [their] claims."  June 14, 2010, Opinion of Judge Salas at 9 Ford v. Edgewood, No. 06-1278 (D.N.J. 2011), ECF No. 330.  Judge Salas went on to explain that "Ford's repeated attempts to contradict Mr. Hofer's testimony as inconsistent with the 2008 Interview at the deposition have called the veracity of Mr. Hofer's deposition testimony into question.  Particularly since no transcript of the December 2008 meeting is available, Edgewood has a right to inquire into the circumstances of the meeting."  Id. at 10.  On the following day, June 15, the New Jersey Law Journal quoted Wasserman reiterating his suspicion that "they got [Hofer] soused."  Mary Pat Gallagher, Judge Turns Back Attempt To Depose Ford Lawyer About Witness Meeting, NEW JERSEY LAW JOURNAL, June 15, 2010, *available at* Lexis Nexis doc-id (#1202462728486#).

On January 13, 2011, Ford filed the instant motion seeking the imposition of sanctions under Fed. R. of Civ. P. 11(c) against Wasserman and the law firm of Wilentz, Goldman

& Spitzer, P.A., in their role as counsel for Edgewood.  Sanctions Motion at 8 n. 6, Ford v. Edgewood, No. 06-1278 (D.N.J. 2011).  In support of its motion, Ford asserts that "Mr. Wasserman violated Fed. R. Civ. P. 11 by making misrepresentations in written submissions to the court and in subsequent misrepresentations to the court (and the press)." Id. at 8.  Ford alleges that Wasserman's Statements to the press, between counsel by electronic mail and to the Court in writing and during oral argument are sanctionable under Federal Rule of Civil Procedure 11 ("Rule 11"). Id. at 10-11.

## II.   ANALYSIS

### A.   Legal Standard

Under Fed. R. Civ. P. 11(c), "the court may impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation." Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Rule 11 Sanctions are "intended to discourage the filing of frivolous, unsupported, or unreasonable claims." Leuallen v. Borough of Paulsboro, 180 F. Supp. 2d 615, 618 (D.N.J. 2002). The Third Circuit "held that Rule 11 sanctions may be awarded in exceptional circumstances in order to 'discourage plaintiffs from bringing baseless actions or making frivolous motions.'" Bensalem Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994) (quoting Doering v. Union Cnty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)). It is appropriate to impose sanctions under Rule 11 "only if the filing of the complaint constituted *abusive litigation* or *misuse of the court's process*." (emphasis added) Teamsters Local Union No. 430 v. Cement Express, Inc., 841 F.2d 66, 68 (3d Cir. 1988).

The "imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990). In Hartmarx, the Court established three inquiries to be resolved in determining whether an attorney violated Rule 11:

> "The court must consider factual questions regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading or other paper. Legal issues are raised in considering whether a pleading is 'warranted by existing law or a good faith argument' for changing the law and whether the attorney's conduct violated Rule 11. Finally, the district court must exercise its discretion to tailor an 'appropriate sanction.'"

Id. At 399.

The Third Circuit quoted the Supreme Court's holding that "[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances..." Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991)

(quoting Bus. Guides Inc. v. Chromatic Commc'ns Enters., Inc., 489 U.S. 533 (1990)). According to the Court, "reasonableness [is] defined as an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." 930 F.2d at 289 (quoting Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1359 (3d Cir. 1990)). The standard "imposes on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986). In weighing reasonableness, "[t]he wisdom of hindsight should be avoided; the attorney's conduct must be judged by 'what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'" Mary Ann Pensiero v. Lingle, 847 F.2d 90, 94 (3d Cir. 1988) (quoting Fed. R. Civ. P. 11 advisory committee note).

### B. Discussion

Ford alleges that Wasserman made the challenged statements for an improper purpose, such as to harass, and that those statements lacked sufficient evidentiary support. For the reasons set forth below, the Court finds that Wasserman's Statements do not merit the imposition of Rule 11 sanctions. Specifically, the Court finds that the statements were made for a proper purpose and were not intended to harass. Further, the Court finds that Wasserman met his burden of making a reasonable inquiry before presenting his oral and written submissions to the Court. Where a statement is made in support of a successful argument, and the Court relies on said statement, it cannot later be deemed frivolous for the purpose of Rule 11 sanctions. Inasmuch as the Court relies on a statement made by counsel in support of their argument and grants the requested relief, it would be counterintuitive to subsequently rule that said statement was frivolous or lacking evidentiary support. The Court will address each issue enumerated above in turn.

As a threshold matter, the statement attributed to Wasserman in the New Jersey Law Journal and communication between counsel through electronic mail are not within the purview of Rule 11 sanctions. Statements to the press do not constitute a written paper signed and submitted to the Court; therefore such statements are not sanctionable under Rule 11. See <u>ABD Monroe, Inc. v. Monroe Township</u>, U.S. Dist. LEXIS 242, *47 (D.N.J. 2008) (moving party's allegation that information given to the media was an attempt to embarrass the moving party into settling "is not the type of misconduct which Rule 11 sanctions encompass").

Ford's Sanctions Motion places substantial emphasis on the allegedly superficial inquiry made by Wasserman into the amount of alcoholic beverages necessary to be appreciably intoxicated, or alternatively his failure to conduct extensive interviews of Hofer about the circumstances of the meeting. The standard of Rule 11 contemplates the objectively reasonable person, not the subjective understanding of Wasserman. Thus his personal choice to abstain from alcohol is not relevant. See <u>Fellheimer, Eichen & Braverman v. Charter Tech, Inc.</u>, 57 F.3d 1215, 1225 (3d Cir. 1995). Based on the record, Wasserman certifies that he spoke with Hofer following the first deposition. During that discussion, Hofer told Wasserman that he did not remember the meeting very well because he had consumed alcoholic beverages and substantial time had passed. Wasserman was not able to reasonably rely on Harrison or Downes, the only two other individuals in attendance at the Interview, based on their conflicting roles in the matter and their own questionable recollections.

Considering Harrison's disinclination to reveal any information about the meeting and Hofer's statements, Wasserman's suspicion was reasonable. Wasserman's Statements are not outside of the realm of what a reasonable person may have considered possible under the

circumstances. From what Wasserman knew, any number of alcoholic drinks could have been provided at the meeting and not one of the three individuals present could provide a reliable accounting of the beverages served.

Wasserman's Statements, at the time he made them, were in support of a valid legal theory asserted to oppose Ford's motion to quash. Hofer expressed an inability to remember the details of the interview and informed Wasserman that he had a few drinks. Based upon Harrison's statements at the deposition, Wasserman had a reasonable concern that Harrison would attempt to discredit Hofer's testimony. Judge Salas considered this during oral argument and found merit in the relevance of the bill. Most notably, the bill was relevant to Wasserman's ability to defend his client or to alternatively discredit Harrison based on alcohol that may have been served at the initial meeting. In further support of the factual merit of Wasserman's Statements, the bill did reveal that an alcoholic beverage was purchased. Although this does not sustain a conclusion that Harrison provided Hofer alcohol with adverse intention, it does support Wasserman's suspicion having an attenuated basis in fact.

Wasserman's Statements were reasonable and offered in support of a valid and successful legal claim. Therefore, they do not meet the standard of patently unmeritorious. See Oswell v. Morgan Stanley Dean Witter & Co., Inc., 507 F. Supp. 2d 484, 489 (D.N.J. 2007) (quoting Watson v. City of Salem, 934 F.Supp. 643, 662 (D.N.J. 1995)) ("Rule 11 sanctions are warranted 'only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous.'"). Wasserman's advocacy certainly pushed the boundaries of professionalism and courtesy, but his statements were provoked. As an advocate, Wasserman's Statements in his brief

and later during oral argument before Judge Salas, do not implicate sanctions for the purpose of deterring abuse of this Court or the litigation process.

The Third Circuit has held that "[n]othing in the language of the Rule or the Advisory Committee Notes supports the view that 'the Rule empowers the [D]istrict [C]ourt to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found by the district court to be unjustified.'" Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987) (quoting Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1540-41 (9th Cir. 1986)). Thus, where the Court cannot sanction unjustified statements in support of ultimately successful motions, it follows that the Court cannot then sanction statements upon which the Court relies in granting the requested relief. Here, Wasserman's Statements were made in support of a successful argument for production of the restaurant bill. The Statements were not only non-frivolous, but relied on, in part, when Judge Salas ordered disclosure of the restaurant bill. As noted in the Advisory Committee Notes "[t]he rule is not intended to chill an attorney's enthusiasm . . . in pursuing factual or legal theories." Fed. R. Civ. P. 11, advisory committee note. Inasmuch as the Court relies on a statement made by counsel in support of their position and grants the requested relief it would be counterintuitive to subsequently rule that said statement was frivolous. Therefore, sanctioning Wasserman for his statements would be inappropriate under Rule 11.

This Court does not reach the "appropriate sanction" prong of its analysis because no sanctions are warranted in this matter. Nevertheless, the Court is unpersuaded by Ford's argument that Wasserman's Statements needlessly increased the cost of litigation. Ford specifically alleges that it was forced to re-depose Hofer in an effort to debunk Wasserman's Statements. Ford,

however, only spent one tenth of Hofer's second deposition discussing Wasserman's Statements. Because the majority of Hofer's second deposition was spent on unrelated issues, Ford was not made to incur needlessly increased litigation expenses. Ford clearly addressed several other issues during Hofer's second deposition. Therefore, the Court finds Ford's argument to be unpersuasive. The Court refuses to grant monetary relief even if Wasserman's Statements were in fact sanctionable because Ford did not incur any additional litigation costs.

    C.    **Attorney's Fees and Costs**

Edgewood Opposition reminds the Court that the award of attorney's fees to the prevailing party is appropriate. Edgewood's Opposition at 17, Ford v. Edgewood, No. 06-1278 (D.N.J. 2011). The "American Rule" of litigation is that each party bears its own fees. Rule 11 sanctions, however, are collateral to the merits. While sometimes necessary, Rule 11 motions frequently detract from the underlying issues before the Court. Therefore, "[a] party considering a Rule 11 motion should incorporate into its analysis the possibility that, if it does not prevail, it may have to pay the fees and costs associated with that motion." Wartsila NSD N. Am., Inc. v. Hill Int'l,, 2004 U.S. Dist. LEXIS 28920 at 17 (D.N.J. 2004). Additionally, the Court may award the moving party "fees and costs associated with bringing the motion (and this is often the case)." Id. Rule 11 "leaves the decision to do so at the discretion of the Judge in 'appropriate circumstances', not merely when a motion is unwarranted or improperly motivated." Id.

The Court denies Edgewood's request for attorney's fees and/or expenses associated with opposing the instant motion. Wasserman's statements do not warrant sanctions, however, Ford had a right to seek the Court's assistance when its counsel's reputation was brought into issue. Wasserman's phrasing does push the boundaries of zealous advocacy and he would be well-advised

to choose his words more carefully.  The Court, however, does not believe the instant motion to be an "appropriate circumstance" to warrant the imposition of attorney's fees and/or expenses.  In light of the above, the Court, in its discretion, denies Edgewood's request for attorney's fees in opposing the Sanctions Motion.

### III.   CONCLUSION

Ford's motion for Rule 11 sanctions is **DENIED**.  Edgewood's cross-motion for costs is similarly **DENIED**.  The Court declines to impose fees on either party based on the discussion above.  An appropriate order shall accompany this opinion.

**SO ORDERED.**

*s/ Cathy L. Waldor*
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**